LirscoMB, J.
In this case I believe the judgment of the court below ought to be affirmed for the following reasons:
1st. Because a m,andamus is not a process that can be resorted to against the state without its consent, and that this suit is in effect against the state; that no state can be sued in her own courts without her consent, and then only in the manner indicated by that consent.
2d. Because it is admitted that the certificate sought to be located *(541) and surveyed was fraudulently obtained by the fraud of the board of land commissioners from which it issued, and that the name of Duncan, the pretended assignor, is a fictitious name. That this fraud annulled and destroyed everything done, and every supposed right acquired by such fraudulent act of the board of land commissioners, and that the certificate so obtained could give the assignee no standing in court.
3d. Because the different acts of the congress of the republic of Texas to detect fraudulent land certificates are valid, and not repugnant to the constitution of Texas, under which they were enacted. That the claims to be acted on by those laws were only imperfect obligations, and could never be enforced against the government but by and with its own consent.
That the fee being in the government until it passes into a perfect grant, no suit can be sustained to compel the government to divest itself of the title until the political authority has prescribed the mode in which it shall be done; that in all such cases the political authority can establish, alter and modify such regulations from time to time, as may be deemed necessary in maturing an imperfect into a perfect title; that this control is necessary to the protection of the public domain, and a consequence resulting from the fee being in the government.
That this was the construction given to the powers of the congress of the republic, acting on imperfect claims, by its highest judicial tribunal, is manifested in the cases of the Board of Land Commissioners of Nacogdoches County v. Riley, and in Walling v. The Republic, and the same doctrine has been held in this court in the case of Trimble et al. v. Smithers, and in Jones v. Menard.
4th. Because the plaintiff not having pursued his remedy in the anode in which the state.consented to be sued, he cannot be permitted to seek it in any other way.