PKG CONTRACTING, INC., Petitioner,

v.

CITY OF MESQUITE, Respondent.

No. 04–1139.

Supreme Court of Texas.

June 30, 2006.

E. John Gorman, Bradford Wald Irelan, for petitioner.

James R. Jordan, for respondent.

PER CURIAM.

PKG Contracting, Inc. sued the City of Mesquite for breach of a contract to construct a storm drainage system and for *quantum meruit,* negligence, and estoppel. The trial court overruled the City's plea to the jurisdiction based on immunity from suit, and the City took an interlocutory appeal. The court of appeals reversed and dismissed the case, holding that the City's immunity was not waived for PKG's tort claims and was not waived for PKG's contract claims by section 51.075 of the Local Government Code or by a provision in the City's charter that authorizes it to "sue and be sued; . . . contract and be contracted with; implead and be impleaded in all courts".[1]  148 S.W.3d 209 (Tex.App.—Dallas 2004). PKG argues in this Court that the City's immunity from suit for breach of contract was also waived because the City was acting in a proprietary capacity rather than a governmental capacity. PKG does not argue in this Court that the City's immunity from tort liability has been waived.

Because the Legislature has statutorily included "sanitary and storm sewers" among a municipality's governmental functions for purposes of tort liability,

1.  MESQUITE, TEX., CITY CHARTER art.   III, § 1.

TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(9), and we see no reason to think that the classification would be different under the common law, we conclude that the City was acting in its governmental capacity when it contracted with PKG to construct a storm drainage system. For the reasons explained today in *Tooke v. City of Mexia,* 197 S.W.3d 325, 2006 WL 1792223 (Tex.2006), we agree with the court of appeals that section 51.075 and the City's charter provision are not a clear and unambiguous waiver of immunity. We do not reach the question whether a municipality *may* waive immunity from suit; we hold only that the charter text is not such a waiver.

While this case has been pending on appeal, the Legislature has enacted sections 271.151–.160 of the Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including municipalities. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. PKG should have the opportunity to argue in the trial court that the City's immunity from suit is waived by these provisions.

Accordingly, we grant PKG's petition for review, and without hearing oral argument, TEX. R.APP.P.59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.

1. GREENVILLE, TEX. CITY CHARTER art. II, § 5.