# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00223-CV

**Denne A. Sweeney and Texas Division, Sons of Confederate Veterans, Inc., Appellants**

**v.**

**Wallace Jefferson, in his Administrative Capacity; Rick Perry, in his Official Capacity as Governor of the State of Texas; and Edward Johnson, in his Official Capacity as Executive Director of the Texas Building and Procurement Commission, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT NO. GN001678, HONORABLE PAUL DAVIS, JUDGE PRESIDING

## O P I N I O N

This is an appeal from the district court's order of dismissal for want of jurisdiction. Appellants Denne A. Sweeney[1] and the Texas Division, Sons of Confederate Veterans, Inc.,[2] filed suit against appellees[3] seeking declaratory and injunctive relief regarding the removal of two plaques

---

[1] Although appellees assert in their brief that Denne Sweeney was removed as a plaintiff in July 2002, the record indicates that Sweeney was included as a plaintiff in the fourth amended petition filed November 26, 2003, and in the notice of appeal filed April 12, 2004. Because there is no entry on the docket sheet confirming the district court's removal of Sweeney as a plaintiff in these proceedings, for purposes of this appeal, we consider Sweeney to be properly included as an appellant.

[2] We refer to the appellants collectively as "Confederate Veterans."

[3] We substitute Chief Justice Wallace Jefferson, in his administrative capacity, as successor to Thomas Phillips, Chief Justice of the Texas Supreme Court, and Edward Johnson, in his official capacity, as successor to Randall Riley, Executive Director of the Texas Building and Procurement Commission, as the proper parties on appeal. *See* Tex. R. App. P. 7.

that previously hung in the lobby of the Supreme Court Building. Agreeing with appellees' argument that it lacked subject-matter jurisdiction over the Confederate Veterans' claims, the district court granted appellees' plea to the jurisdiction and entered an order dismissing the case. Because we hold that the district court had jurisdiction to consider the Confederate Veterans' claims, we reverse the order of dismissal and remand to the district court for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

The Texas Supreme Court Building was completed in 1957. Shortly thereafter two plaques were installed in the building lobby to commemorate and dedicate the building to Texas veterans who served in the Confederacy. These plaques were installed pursuant to a 1953 amendment to the Texas Constitution, which created the State Building Commission and transferred excess funds from the Confederate Pension Fund to the State Building Fund. *See* Act of Apr. 30, 1953, 53d Leg., R.S., 1953 Tex. Gen. Laws 1172, 1172-73. One of these plaques contained the seal of the Confederate States of America and the phrase "Dedicated to Texans who served the Confederacy."[4] The other plaque contained a raised relief image of a waving confederate flag and the following quote from Confederate General Robert E. Lee: " I rely upon Texas regiments in all tight places, and I fear I have to call upon them too often. They have fought grandly, nobly."[5]

---

[4] This plaque was hung on the southeast lobby wall of the Supreme Court Building.

[5] This plaque was hung on the northeast lobby wall of the Supreme Court Building.

In 2000, acting upon a "routine maintenance request" issued at the direction of the appellees, the Building and Procurement Commission[6] removed these two plaques and installed two new plaques in their place. The first of these new plaques states: "The courts of Texas are entrusted with providing equal justice under the law to persons, regardless of race, creed, or color." The second plaque states: "Because this building was built with monies from the Confederate Pension Fund, it was, at that time, designated as a memorial to the Texans who served the Confederacy."

It is undisputed that no one, including appellees, sought the approval of the Texas Historical Commission, or any other state agency, prior to the removal of the original plaques and the installation of the new plaques. Nor did appellees give notice or hold a public hearing before removing the original plaques and installing the new plaques.

After the new plaques were installed, the Confederate Veterans filed suit in the Travis County district court challenging both the removal of the original plaques and the installation of the new plaques. In their third amended petition, the Confederate Veterans alleged that the appellees had acted unlawfully and asserted jurisdiction under the Texas Constitution, Chapter 37 of the Texas Civil Practice and Remedies Code, Chapter 191 of the Texas Natural Resources Code, Chapters 551 and 2166 of the Texas Government Code, and Titles 1 and 13 of the Texas Administrative Code. *See* Tex. Const. art. V, § 8; Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009 (West 1997); Tex. Nat. Res. Code. Ann. §§ 191.002, .051, .092, .093, .097, .132(b), .173(a) (West 2001); Tex. Gov't

---

[6] At the time the plaques were removed, the Building and Procurement Commission was known as the General Services Commission. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1422, § 1.02, 2001 Tex. Gen. Laws 5021, 5021 (abolishing General Services Commission and transferring its functions to newly created Building and Procurement Commission). Consistent with this change, we refer to the Commission by its present name throughout the remainder of this opinion.

Code Ann. §§ 551.002, .141 (West 2004), §§ 2166.501, .5011 (West 2000 & Supp. 2005); 1 Tex. Admin. Code §§ 111.1(b)–(c), 116.3(d) (West 2004); 13 Tex. Admin. Code § 26.5(6)(B)(ix) (West 2004). The Confederate Veterans sought declaratory and injunctive relief as follows:

1. A declaration that the removal of the plaques from the Texas Supreme Court building, as set forth hereinabove, is a violation of the Texas Constitution.

2. A declaration that the plaques which replaced them do not comply with the Constitutional mandate that the Texas Supreme Court building be dedicated to the memory of Confederate Texans.

3. A declaration that the removal of the original plaques from the Texas Supreme Court building, as set forth hereinabove, is a violation of the Texas Antiquities Code, The Texas Administrative Code and the Texas Government Code, in that the removal (and replacement) was done without constitutional/statutory/lawful authority.

4. An order directing the protection, return and re-installation of the original plaques to their original site in the Texas Supreme Court building.

5. In the alternative without waiving any of the foregoing, that if this Honorable Court believes it lacks authority to remove the new replacement plaques from their location at the site of the original plaques, an order directing the protection, return and re-installation of the original plaques on the column immediately in front of the new replacement plaques so that the original plaques are facing the front or east door of the Supreme Court building.

6. In the alternative without waiving any of the foregoing, that upon the Court declaring that the removal (and replacement) of the original plaques was done without constitutional/statutory/lawful authority that the Court will direct the Plaintiff to seek the removal of the new replacement plaques and re-installation of the original plaques through the Texas Historical Commission.

7. Attorney's fees and costs, as provided by Tex. Civ. Prac. & Rem. Code Ann. § 37.009, and § 191.73 of the Texas Antiquities Code; and

8. Such other and further relief, general or special, in law or in equity, to which the Plaintiffs may show itself to be justly entitled.

4

The appellees answered and filed a plea to the jurisdiction on the ground that the trial court lacked authority to award the relief sought by the Confederate Veterans. Appellees' argument was two-fold: (1) the Confederate Veterans' requests for declaratory relief under the Uniform Declaratory Judgments Act do not confer jurisdiction on the district court; and (2) the district court lacked jurisdiction to award the relief sought by the Confederate Veterans—namely, removal of the new plaques and re-installation of the old plaques. The district court granted appellees' plea to the jurisdiction in part finding "the Court lacks jurisdiction over any of Plaintiff's claims requesting this Court to order state officials to remove/re-install any plaques made the subject of this suit. The Court finds that it has jurisdiction regarding the remaining claims."

After the district court denied the Confederate Veterans' motion to reconsider this order, the Confederate Veterans amended their pleadings and filed their fourth amended petition alleging jurisdiction under the Texas Constitution, Chapters 442, 551, 2165, and 2166 of the Texas Government Code, Chapter 191 of the Texas Natural Resources Code, the Texas Civil Practices and Remedies Code, and Titles 1 and 13 of the Texas Administrative Code. *See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. §§ 442.006, .012, 551.002, .141 (West 2004), §§ 2165.255, 2166.501, .5011 (West 2000 & Supp. 2005); Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009; Tex. Nat. Res. Code. Ann. §§ 191.002, .051, .092, .093, .097, .132(b), .173(a); 1 Tex. Admin. Code §§ 111.1(b)-(c), 116.3(d); 13 Tex. Admin. Code § 26.5(6)(B)(ix). The Confederate Veterans amended their requests for declaratory and injunctive relief as follows:

> Plaintiffs ask for a Declaratory Judgment that the Defendants and their predecessors have engaged in violations of the Texas Constitution and the state statutes enumerated herein. Defendants ask for an award of their costs, including

reasonable and necessary trial and appellate attorneys' fees of not more than $75,000.00.

Under the Court's inherent injunctive powers granted by the Texas Constitution to restore in all cases the *status quo ante* to any violation of the Constitution or state law, Plaintiffs ask the Court to issue a mandatory injunction compelling the Defendants to remove the second New Plaque and to re-install the Original Plaques to the general location in the building lobby where they originally stood. Plaintiffs also assert that the Court holds this injunctive power under Section 442.012 of the Texas Government Code and Section 191.173 of the Texas Natural Resources Code.

Alternatively, this Court clearly has the power to enforce compliance with Section 2166.5011 of the Texas Government Code. Under that law, the Court should order the Defendants to relocate the Original Markers, removed under a 'maintenance work order' of the [General Services Commission] to a 'prominent position' in the building under subsection (c) of the statute.

Plaintiffs ask for such other relief to which they may be entitled under the facts hereinabove alleged.

In addition to their fourth amended petition, the Confederate Veterans filed a second motion to reconsider and a motion for summary judgment. In response, appellees filed a second plea to the jurisdiction repeating their argument that the trial court lacked subject-matter jurisdiction over the Confederate Veterans' claims. Without specifying the grounds, the district court granted appellees' second plea to the jurisdiction; denied the Confederate Veterans' pending motions as moot; and dismissed this cause for lack of subject-matter jurisdiction. This appeal followed.

## DISCUSSION

In three issues, the Confederate Veterans argue: (1) the trial court erred in dismissing this cause for want of jurisdiction; (2) the trial court erred in denying the Confederate Veterans' motion to reconsider; and (3) the trial court erred in denying the Confederate Veterans' motion for

summary judgment.  Appellees respond that the trial court correctly granted appellees' plea to the jurisdiction because the UDJA fails to confer jurisdiction over the Confederate Veterans' claims and the district court lacked jurisdiction and authority to grant the relief sought by the Confederate Veterans.  Appellees further maintain that this Court cannot consider the Confederate Veterans' second and third issues because this Court lacks jurisdiction to consider appeals from interlocutory orders of the trial court.

### *Standard of Review*

This case comes to us upon the trial court's dismissal for lack of subject-matter jurisdiction.  Subject-matter jurisdiction is essential to the authority of a court to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993); *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.).  A plea to the jurisdiction challenges the trial court's authority to hear and decide a specific cause of action.  *Lukes v. Employees Ret. Sys.*, 59 S.W.3d 838, 841 (Tex. App.—Austin 2001, no pet.).  To prevail on a plea to the jurisdiction, the party challenging jurisdiction must show that even if all of the allegations in the plaintiff's petition are taken as true, there is an incurable jurisdictional defect on the face of the pleadings that deprives the trial court of jurisdiction to hear the case. *Rylander*, 23 S.W.3d at 135.

The existence of subject-matter jurisdiction is a question of law.  *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). Therefore, we review *de novo* the trial court's ruling on a plea to the jurisdiction.  *Id.*  When reviewing the trial court's order of dismissal for lack of subject-matter jurisdiction, we do not consider the merits of the case, but

only the facts alleged in the pleadings and any evidence relevant to the jurisdictional inquiry.[7]

*County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967). Unless the petition affirmatively demonstrates a lack of jurisdiction, the trial court must construe the petition liberally in favor of jurisdiction. *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989); *Texas Ass'n of Bus.*, 852 S.W.2d at 446. The court must accept the plaintiff's good faith jurisdictional allegations as true unless the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction. *City of Austin v. Ender*, 30 S.W.3d 590, 593 (Tex. App.—Austin 2000, no pet.). Appellees do not challenge the truth of the Confederate Veterans' jurisdictional allegations.

### *Jurisdictional Allegations*

In their fourth amended petition, the Confederate Veterans bring eight separate causes of action challenging the routine maintenance request removing the original plaques and installing the new plaques. The Confederate Veterans assert violations of the Texas Antiquities Code,[8] Chapters 442, 551, 2165, and 2166 of the Texas Government Code, and the Texas Constitution. *See*

---

[7] To the extent that appellees contend we must presume that there is evidence in the record to support the trial court's order in light of the Confederate Veterans' failure to bring forward a reporter's record, or statement of facts, we note that the Confederate Veterans' need only present a sufficient record to show reversible error. *See Pope v. Stephenson*, 787 S.W.2d 953, 954 (Tex. 1990). A reporter's record may not be necessary for review of pure questions of law. *See Segrest v. Segrest*, 649 S.W.2d 610, 611 (Tex. 1983).

[8] The Antiquities Code is codified in chapter 191 of the Texas Natural Resources Code. *See* Tex. Nat. Res. Code Ann. § 191.001 (West 2001). We refer to the natural resources code unless otherwise noted.

Tex. Nat. Res. Code. Ann. §§ 191.002, .051, .092, .093, .097, .132(b), .173(a); Tex. Gov't Code Ann. §§ 442.006, .012, 551.002, .141, 2165.255, 2166.501, .5011; Tex. Const. art. V, § 8. The Confederate Veterans also seek a declaratory judgment under Chapter 37 of the Texas Civil Practices and Remedies Code and mandatory injunctive relief to restore the *status quo ante*.[9] *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009.

A common theme underlying all of the Confederate Veterans' claims is that appellees acted without lawful authority in removing the original plaques and installing the new plaques. Although appellees concede that they violated section 2166.501 of the government code by removing the original plaques and installing the new plaques without obtaining approval of the Texas Historical Commission, they argue that the trial court lacked jurisdiction to remedy this violation of law. We disagree.

It is well established that Texas district courts are courts of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Article V, Section 8 of the Texas Constitution provides that a district court's jurisdiction "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. The government code also provides that district courts "may hear and determine any cause that is cognizable by courts of law or equity and may grant

---

[9] As alleged by the Confederate Veterans, the *status quo ante* is the situation that existed prior to the appellees' execution of the routine maintenance request—namely, the return of the original plaques to the lobby of the Supreme Court Building. *See* Black's Law Dictionary 1420 (7th ed. 1999).

any relief that could be granted by other courts of law or equity."  Tex. Gov't Code Ann. § 24.008 (West 2004).  As courts of general jurisdiction, Texas district courts enjoy a presumption of subject-matter jurisdiction unless a contrary showing is made.  *Dubai*, 12 S.W.3d at 75 (quoting 13 Wright et al., Federal Practice & Procedure § 3522, at 60 (1984)); *see also Dean v. State ex rel. Bailey*, 30 S.W. 1047, 1048 (Tex. 1895) ("No other court having jurisdiction over the cause, the district court has the power to determine the rights of the case and to apply the remedy.").

1.  *Texas Natural Resources Code, Chapter 191 and Texas Government Code, Chapters 442, 551, and 2165*

On appeal, appellees do not dispute the Confederate Veterans' allegations of jurisdiction under chapter 191 of the Texas Natural Resources Code or chapters 442, 551, and 2165 of the Texas Government Code.  *See* Tex. Nat. Res. Code. Ann. §§ 191.002, .051, .092, .093, .097, .132(b), .173(a); Tex. Gov't Code Ann. §§ 442.006, .012, 551.002, .141, 2165.255.  Nor do appellees plead or attempt to prove that these particular jurisdictional allegations were fraudulently made in order to confer jurisdiction upon the district court.  *See City of Austin*, 30 S.W.3d at 593.  Absent a contrary showing, we thus presume that the district court has jurisdiction over Confederate Veterans' claims under chapter 191 of the natural resources code and chapters 442, 551 and 2165 of the government code.  *See Dubai*, 12 S.W.3d at 75; *Peek*, 779 S.W.2d at 804.

2.  *Texas Government Code, Chapter 2166*

The Confederate Veterans also assert jurisdiction under chapter 2166 of the government code.  *See* Tex. Gov't Code Ann. §§ 2166.501, .5011.  Specifically, the Confederate Veterans allege that appellees' removal of the original plaques and installation of the new plaques

violated section 2166.501(d) because appellees failed to get approval from the Texas Historical Commission as required in the statute. *See* Tex. Gov't Code Ann. § 2166.501(d) (West 2000). Although appellees concede that "[t]he new plaques were installed without the approval of the Texas Historical Commission, in violation of Sec. 2166.501," appellees contend that the district court was without jurisdiction to remedy this alleged violation of law because sections 2166.501 and 2166.5011 of the Texas Government Code oust the district court of jurisdiction to award the relief sought by the Confederate Veterans—namely, removal of one of the new plaques and re-installation of the two original plaques.

Appellees' argument required the district court to consider the effects, if any, of sections 2166.501 and 2166.5011 on its own jurisdiction. This question is a matter of statutory construction, which we review *de novo*. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000). In construing these two statutes, our primary goal is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We begin with the plain language of the statute at issue and apply its common meaning. *Id*. To determine legislative intent, we look to the statute as a whole, as opposed to isolated provisions. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

Enacted in 1995,[10] section 2166.501 states:

(a) A monument or memorial for Texas heroes of the Confederate States of America or the Texas War for Independence or to commemorate another event or person of historical significance to Texans and this state may be erected on land owned or acquired by the state or, if a suitable contract can be made for

---

[10] Act of Apr. 21, 1995, 74th Leg., R.S., ch. 41, § 1, 1995 Tex. Gen. Laws 324, 395.

11

permanent preservation of the monument or memorial, on private property or land owned by the federal government or other states.

(b)  The graves of Texans described by Subsection (a) may be located and marked.

(c)  The commission shall maintain a monument or memorial erected by this state to commemorate the centenary of Texas' independence.

(d)  Before the erection of a new monument or memorial, the commission must obtain the approval of the Texas Historical Commission regarding the form, dimensions, and substance of, and inscriptions or illustrations on, the monument or memorial.

Tex. Gov't Code Ann. § 2166.501.  Four years later, the legislature enacted section 2166.5011.[11]

This provision states:

(a)  In this section, "monument or memorial" means a permanent monument, memorial, or other designation, including a statue, portrait, plaque, seal, symbol, building name, or street name, that:

(1)  is located on state property; and

(2)  honors a citizen of this state for military or war-related service.

(b)  Notwithstanding any other provision of this code, a monument or memorial may be removed, relocated, or altered only:

(1)  by the legislature;

(2)  by the Texas Historical Commission;

(3)  by the State Preservation Board; or

(4)  as provided by Subsection (c).

---

[11]  Act of May 15, 2001, 77th Leg., R.S., ch. 377, § 7, 2001 Tex. Gen. Laws 700, 703.

(c) A monument or memorial may be removed, relocated, or altered in a manner otherwise provided by this code as necessary to accommodate construction, repair, or improvements to the monument or memorial or to the surrounding state property on which the monument or memorial is located. Any monument or memorial that is permanently removed under this subsection must be relocated to a prominent location.

Tex. Gov't Code Ann. § 2166.5011.

Neither section 2166.501 nor section 2166.5011 addresses the district court's jurisdiction to decide the controversy at hand—*i.e.*, whether appellees acted without authority or violated existing law by removing the original plaques and installing the new plaques or whether an appropriate remedy is available for these allegations. The plain language of these statutes does not reference the terms "court" or "jurisdiction" and does not speak to the district court's inherent jurisdiction. *See id*. §§ 2166.501, .5011. Moreover, the supreme court has recognized that:

> a court, once having obtained jurisdiction of a cause of action as incidental to its general jurisdiction, may exercise any power, or grant any writ, including the writ of injunction, necessary to administer justice between the parties to preserve the subject matter of the litigation, and make its judgment effective.

*City of Dallas v. Wright*, 36 S.W.2d 973, 975 (Tex. 1931). Accordingly, we conclude that neither section 2166.501 nor section 2166.5011 divests the district court of jurisdiction to consider the Confederate Veterans' claims or to determine what remedy, if any, may be appropriate under existing law. *See id*.; *see also Dubai*, 12 S.W.3d at 75; Tex. Const. art. V, § 8.

3. *Texas Civil Practices & Remedies Code, Chapter 37 (UDJA)*

The Confederate Veterans also assert jurisdiction and seek declaratory relief under the UDJA. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.009. Appellees respond that the

UDJA is a remedial statute that does not confer jurisdiction on the district court absent an underlying cause of action.

The Supreme Court has recognized that private parties may invoke the UDJA to seek declaratory relief against state officials who allegedly act without legal or statutory authority. *See Texas Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002); *Texas Educ. Agency v. Leeper*, 893 S.W.2d 432 (Tex. 1994). In their fourth amended petition, the Confederate Veterans allege that the appellees acted without the approval of the Texas Historical Commission or any other state agency before removing the original plaques from the lobby of the Supreme Court Building and that this action was taken without legal authority in violation of section 191.132 of the natural resources code and section 2166.501 of the government code.[12] *See* Tex. Nat. Res. Code Ann. § 191.132; Tex Gov't Code Ann. § 2166.501. Because we are bound to accept these jurisdictional allegations as true in the absence of a showing to the contrary, we conclude that the district court had jurisdiction to entertain the Confederate Veterans' claims for declaratory relief.

## 4. Texas Constitution

Having concluded that the district court had jurisdiction to consider the Confederate Veterans' claims under Chapter 191 of the natural resources code, and chapters 442, 551, 2165, and 2166 of the government code, as well as the Confederate Veterans' claims for declaratory relief under the UDJA, we find it unnecessary to reach the question of the district court's jurisdiction under

---

[12] Although we do not address the merits of the Confederate Veterans' claims in this appeal, we note that appellees concede the new plaques were installed without obtaining approval from the Texas Historical Commission.

the Texas Constitution. *See Atmos Energy Corp. v. Abbott*, 127 S.W.3d 852, 857 (Tex. App.—Austin 2004, no pet.) (recognizing the general practice that courts should avoid deciding any constitutional question unless necessary for its decision).

### *Motion to Reconsider and Summary Judgment*

In their second and third issues, the Confederate Veterans claim that the district court erred in denying their motion to reconsider and their second motion for summary judgment. In light of our disposition of the Confederate Veterans' first issue and the meager record, we do not reach the Confederate Veterans' other issues. *See* Tex. R. App. P. 47.1 (opinion to be as brief as practicable to decide issues necessary to final disposition).

## CONCLUSION

Having determined that the district court had subject-matter jurisdiction to consider the Confederate Veterans' claims, we reverse the order of dismissal for want of subject-matter jurisdiction and remand this case to the district court for further proceedings.

_____

Jan P. Patterson, Justice

Before Justices B. A. Smith, Patterson and Puryear

Reversed and Remanded

Filed:   July 28, 2006

15