NO. 12-08-00159-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *THE CITY OF TYLER AND THE TEXAS DEPARTMENT OF TRANSPORTATION, APPELLANTS* | § | *APPEAL FROM THE* |
| | § | *COUNTY COURT AT LAW #2* |
| *VALERIE SMITH AND ROBERT SMITH, APPELLEES* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellants, the City of Tyler ("the City") and the Texas Department of Transportation ("TxDOT"), separately appeal the trial court's denial of their pleas to the jurisdiction in a declaratory judgment action brought against them by Appellees, Valerie Smith and Robert Smith. The City also appeals the trial court's denial of its traditional and no evidence motions for summary judgment. In two issues, the City contends that the trial court should have granted its plea to the jurisdiction and motions for summary judgment. TxDOT also raises two issues on appeal, asserting that its plea to the jurisdiction should have been granted. We reverse and dismiss.

### BACKGROUND

The Smiths bought real property located in the City of Tyler to open a coffee shop. Shortly before the planned opening of the coffee shop, a sinkhole developed in the shop's parking lot. The Smiths investigated and discovered that drainage pipes were running underneath the surface of their property. Believing that the City or TxDOT might have a drainage easement on the property, the Smiths filed a declaratory judgment action seeking to determine whether such an easement existed. The City and TxDOT each filed a plea to the jurisdiction. The City also filed a traditional motion for summary judgment and a no evidence motion for summary judgment. The trial court denied the pleas to the jurisdiction and the motions for summary judgment. This interlocutory appeal followed.

In its first issue, the City argues that the Smiths "never alleged any cause of action for which the City's [governmental] immunity has been waived."

## Governmental Immunity

In 1847, the Texas Supreme Court held that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *Hosner v. DeYoung*, 1 Tex. 764, 769 (1847). This immunity also applies to political subdivisions of the State, including counties, cities, and school districts. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). In this context, it is referred to as governmental immunity. *Id.* In Texas, governmental immunity has two components: immunity from liability, which bars enforcement of a judgment against a political subdivision, and immunity from suit, which bars lawsuits against the entity altogether. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments. *Harris County Hosp. Dist. v. Tomball Reg'l Hosp.*, 283 S.W.3d 838, 842 (Tex. 2009).

In the context of tort lawsuits against a political subdivision, the "proprietary-governmental dichotomy" has been used to determine whether the subdivision is immune from suit for tortious conduct. *Tooke*, 197 S.W.3d at 343. Generally, a municipality's proprietary functions are those conducted "in its private capacity, for the benefit only of those within its corporate limits, and not as an arm of the government." *Id.* at 343 (quoting *Dilley v. City of Houston*, 148 Tex. 191, 193, 222 S.W.2d 992, 993 (1949)). A municipality's governmental functions are, generally, those conducted "in the performance of purely governmental matters solely for the public benefit." *Tooke*, 197 S.W.3d at 343 (quoting *Dilley*, 148 Tex. at 193, 222 S.W.2d at 993). A municipality is not immune from suit for torts committed in the performance of its proprietary functions; but it is immune from suit for torts committed in the performance of its governmental functions. *Tooke*, 197 S.W.3d at 343. Texas law is unsettled as to whether the "proprietary-governmental" distinction always applies to determine whether immunity from suit exists in the context of other types of actions.[1] *See id.* ("But we have never held that this same distinction determines whether immunity from suit is waived for breach of contract claims, and we need not determine that issue here."); *cf. City of San Antonio v. Reed S. Lehman Grain,*

---

[1] Because of our determination that any matter relevant to the Smiths' declaratory judgment action involved a governmental function, we need not address the applicability of the "proprietary-governmental" distinction to this case. *See id.* at 343-44 (declining to address the issue where matter determined to be governmental function).

*Ltd.*, No. 04-04-00930-CV, 2007 WL 752197, at *3 (Tex. App.—San Antonio Mar. 14, 2007, pet. denied) (mem. op.) (applying the "proprietary-governmental" distinction to other actions).

Governmental immunity from suit deprives a trial court of subject matter jurisdiction. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). When present, governmental immunity protects the political subdivisions of the State from lawsuits for money damages. *Id.* It also protects political subdivisions from lawsuits that seek to control their actions. *City of El Paso v. Heinrich*, 284 S.W.3d 366, 371-73 (Tex. 2009). Neither of these protections may be circumvented by characterizing an immunity-barred claim as a declaratory judgment claim. *See City of Houston v. Williams*, 216 S.W.3d 827, 828-29 (Tex. 2007).

**Standard of Review**[2]

The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction, as well as by other procedural vehicles, such as a motion for summary judgment. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Whether a court has subject matter jurisdiction is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Appellate courts reviewing a challenge to a trial court's subject matter jurisdiction review the trial court's ruling de novo. *Id.* at 228. When conducting a de novo review, a reviewing court exercises its own judgment and redetermines each issue of fact and law. *See Schade v. Tex. Workers' Comp. Comm'n*, 150 S.W.3d 542, 549 (Tex. App.–Austin 2004, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). The reviewing court accords the trial court's decision no deference. *See Schade*, 150 S.W.3d at 549 (citing *Quick*, 7 S.W.3d at 116). When a conclusion of law is erroneous, but the trial court reached the right result, the erroneous conclusion of law does not require reversal. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). If a trial court lacks jurisdiction over some claims but not others, the trial court should dismiss those claims over which it does not have subject matter jurisdiction but retain those claims over which it does. *See Thomas v. Long*, 207 S.W.3d 334, 339 (Tex. 2006).

"When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Miranda*, 133 S.W.3d at 226. We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent. *Id.* If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* at 227. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial

---

[2] As set forth below, we will dispose of the City's governmental immunity issue by way of its plea to the jurisdiction. Therefore, we do not discuss the standard of review applicable to summary judgments. *See* TEX. R. APP. P. 47.1.

3

court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id.* at 226-27. If a plaintiff has been provided a reasonable opportunity to amend after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action. *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). "Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Id.*

"[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Miranda*, 133 S.W.3d at 227. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant. *Id.* at 228. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* If the evidence creates a fact question regarding the jurisdictional issue, a plea to the jurisdiction will not be granted, and the fact issue will be resolved by the fact finder. *See id.* at 227-28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the plea to the jurisdiction may be ruled on as a matter of law. *See id.* at 228.

It is undisputed that the trial court held a hearing on the City's plea to the jurisdiction. However, the City has not sought to bring forward a reporter's record of that hearing. Absent such a record, we generally presume that sufficient evidence was before the trial court to support its decision. *See Sweed v. City of El Paso*, 194 S.W.3d 684, 686 (Tex. App.–El Paso 2006, no pet.). However, the City need only present a record sufficient to show reversible error. *See Sweeney v. Jefferson*, 212 S.W.3d 556, 561 n.7 (Tex. App.–Austin 2006, no pet.). And, "[a] reporter's record may not be necessary for review of pure questions of law." *See id.*

**Discussion**

In support of its first issue, that the Smiths "never alleged any cause of action for which the City's [governmental] immunity has been waived," the City asserts that "all of the Smiths' claims relate solely to the City's 'governmental functions.'" As such, the City asserts that governmental immunity bars the Smiths' lawsuit absent an allegation in their pleadings that some exception to governmental immunity applies. Arguing that no valid exception was pleaded, the City further argues that the trial court should have dismissed the Smiths' claims against the City. The Smiths pleaded that the case involves a proprietary function, "the

maintenance of a drainage easement." Therefore, according to the Smiths' pleadings, the City does not enjoy immunity from suit.

The Texas Constitution authorizes the legislature to "define for all purposes those functions of a municipality that are to be considered governmental and those that are proprietary, including reclassifying a function's classification assigned under prior statute or common law." *Tooke*, 197 S.W.3d at 343 (quoting TEX. CONST. art. XI, § 13). For purposes of tort liability, the legislature has statutorily included "sanitary and storm sewers" among a municipality's governmental functions. TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215(a)(9) (Vernon 2005); *PKG Contracting, Inc. v. City of Mesquite*, 197 S.W.3d 388, 388-89 (Tex. 2006). Further, the Texas Supreme Court has held that "sanitary and storm sewers" are governmental functions under the common law. *PKG Contracting*, 197 S.W.3d at 388-89. And cities regularly address drainage problems by using storm sewers. *See* 23 David B. Brooks, *Texas Practice: Municipal Law and Practice* § 22.09 (2d ed. 1999) ("Drainage, as a municipal utility, usually takes the form of storm sewers, to be distinguished from sanitary sewers."). Therefore, we construe the Texas Supreme Court's holding in *PKG Contracting* to include municipal drainage easements as governmental functions under the common law. *See PKG Contracting*, 197 S.W.3d at 388-89.

Nevertheless, the Smiths argued in the trial court, and continue to argue here, that they simply seek a declaratory judgment as to the existence of a drainage easement. They assert that a declaratory judgment action is the proper vehicle to determine the existence of an easement and that such an action is not barred by governmental immunity. The City claims that the true purpose of the Smiths' action is ultimately to impose liability upon the City. As such, the City argues that the Smiths' action is barred by governmental immunity.

The protections of governmental immunity may not be circumvented by characterizing an immunity-barred claim as a declaratory judgment claim. *See Williams*, 216 S.W.3d at 828-29. Here, any claim that a drainage easement has existed in the past can relate only to an injury, if any, that has already occurred. The only plausible remedy for such a past injury would be money damages. *See id.* at 829 ("The only injury the retired firefighters allege has already occurred, leaving them with only one plausible remedy – an award of money damages."). Such a claim, even where veiled as a declaratory judgment claim, is barred by governmental immunity. *See Reata Constr.*, 197 S.W.3d at 374.

Any suit to determine whether the City presently has a drainage easement on the Smiths' property can relate only to controlling the City's actions. The only possible purposes of determining if the City has an easement are to determine whether the City should be maintaining the pipes and property in question and whether the City can take affirmative steps to stop the

5

Smiths from repairing or modifying the pipes and property in question. *See **Heinrich***, 284 S.W.3d at 372 ("[S]uits . . . seeking to establish a contract's validity, to enforce performance under a contract, or to impose contractual liabilities" are barred by governmental immunity because they "attempt to control state action by imposing liability on the State."). Therefore, the only reason for seeking such a finding is to control the actions of the City. But here, governmental immunity protects the City from lawsuits against it seeking to control its actions. *See **id.*** at 372-73. This is true even where such a lawsuit is veiled as a declaratory judgment claim. *See **Williams***, 216 S.W.3d at 828-29.

The Smiths' claims against the City, while couched as declaratory judgment claims, actually either relate to money damages or to controlling the actions of a municipality. Therefore, they are barred by governmental immunity. *See **Heinrich***, 284 S.W.3d at 371-73; ***Reata Constr.***, 197 S.W.3d at 374. We sustain the City's first issue.

### CLAIMS AGAINST TxDOT

In its first issue, TxDOT argues that sovereign immunity bars the Smiths' claims against TxDOT.

**Sovereign Immunity**

As noted above, it has long been recognized that "no State can be sued in her own courts without her consent, and then only in the manner indicated by that consent." *See **Hosner***, 1 Tex. at 769. This immunity also applies to "the various divisions of state government, including agencies, boards, hospitals, and universities." ***Wichita Falls State Hosp.***, 106 S.W.3d at 694 n.3. In this context, it is referred to as sovereign immunity. ***Id.*** Like governmental immunity, sovereign immunity has two components: immunity from suit and immunity from liability. ***Gen. Servs. Comm'n v. Little-Tex Insulation Co., Inc.***, 39 S.W.3d 591, 594 (Tex. 2001). Immunity from suit is jurisdictional and bars suit; immunity from liability is not jurisdictional and protects from judgments. ***Harris County Hosp. Dist.***, 283 S.W.3d at 842.

**Discussion**[3]

For the reasons set forth when addressing the City's first issue, we hold that the Smiths' declaratory judgment claims against TxDOT are barred by sovereign immunity. These claims have only two possible purposes, to subject TxDOT to monetary liability or to control the actions of TxDOT. *See **Tex. Natural Res. Conservation Comm'n v. IT-Davy***, 74 S.W.3d 849, 855-56

---

[3] The review of a plea to the jurisdiction based upon sovereign immunity involves the same standard of review as that applied to the City's first issue. Therefore, we do not repeat the standard here.

(Tex. 2002) (plurality op.) (suits to subject State to monetary damages or to control State's actions are barred by sovereign immunity). A plaintiff cannot defeat sovereign immunity by simply veiling his barred claims as declaratory judgment claims. *See id.* at 856; *see also State v. Beeson*, 232 S.W.3d 265, 271-72 (Tex. App.–Eastland 2007, pet. abated) (declaratory judgment action against State to determine existence of easement barred by sovereign immunity). We sustain TxDOT's first issue.[4]

## DISPOSITION

Having sustained the City's first issue and TxDOT's first issue, we *reverse* the order of the trial court denying the City's and TxDOT's pleas to the jurisdiction and *dismiss*, with prejudice, the Smiths' action for lack of subject matter jurisdiction.[5] *See Sykes*, 136 S.W.3d at 639 (requiring dismissal with prejudice where plaintiff previously had opportunity to amend).

**SAM GRIFFITH**
Justice

Opinion delivered December 14, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

[4] We note that TxDOT made a claim for injunctive relief and attorney's fees in its answer. *See Reata Constr.*, 197 S.W.3d at 376-77 (partial waiver of immunity by assertion of affirmative claim for monetary relief). However, as explained by the Texas Supreme Court, when we review a party's pleadings for subject matter jurisdiction, we require that "the pleader . . . allege facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). Here, the Smiths have not alleged in their pleadings that TxDOT's claims result in a waiver of immunity or otherwise provide jurisdiction. This is so despite the fact that the Smiths amended their pleadings in an attempt to demonstrate jurisdiction. Nor have the Smiths based any argument in this appeal upon TxDOT's pleadings. Because it was the Smiths' burden to present a basis for jurisdiction in their pleadings, we have not considered the ramifications of TxDOT's claims when making our determination of jurisdiction. *See Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003) (plaintiff bears burden to "affirmatively demonstrate the court's jurisdiction" and to dispute government's allegations). Further, to the extent we might potentially consider the effect of TxDOT's claims when determining the appropriate disposition of this case, the fact that the Smiths amended their pleadings without including any assertion based upon these claims is controlling. *See Sykes*, 136 S.W.3d at 639 (requiring dismissal with prejudice where plaintiff previously had opportunity to amend).

[5] Because the City's and TxDOT's first issues were dispositive, we do not address either party's second issue. *See* TEX. R. APP. P. 47.1.