No









NO. 12-08-00159-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

THE CITY OF TYLER AND THE TEXAS                        §          APPEAL FROM THE

DEPARTMENT OF TRANSPORTATION,

APPELLANTS

                                                                                    §          COUNTY
COURT AT LAW #2

 

VALERIE SMITH AND ROBERT
SMITH,

APPELLEES                                                             §          SMITH COUNTY , TEXAS







            MEMORANDUM
OPINION

Appellants,
the City of Tyler (“the City”) and the Texas Department of Transportation (“TxDOT”),
separately appeal the trial court’s denial of their pleas to the jurisdiction in
a declaratory judgment action brought against them by Appellees, Valerie Smith
and Robert Smith.  The City also appeals the trial court’s denial of its
traditional and no evidence motions for summary judgment.  In two issues, the
City contends that the trial court should have granted its plea to the
jurisdiction and motions for summary judgment.  TxDOT also raises two issues on
appeal, asserting that its plea to the jurisdiction should have been granted.  We
reverse and dismiss.

 

Background

            The
Smiths bought real property located in the City of Tyler to open a coffee
shop.  Shortly before the planned opening of the coffee shop, a sinkhole developed
in the shop’s parking lot.  The Smiths investigated and discovered that
drainage pipes were running underneath the surface of their property. 
Believing that the City or TxDOT might have a drainage easement on the property,
the Smiths filed a declaratory judgment action seeking to determine whether
such an easement existed.  The City and TxDOT each filed a plea to the
jurisdiction.  The City also filed a traditional motion for summary judgment
and a no evidence motion for summary judgment.  The trial court denied the
pleas to the jurisdiction and the motions for summary judgment.  This
interlocutory appeal followed.

 

Claims Against the City

            In
its first issue, the City argues that the Smiths “never alleged any cause of
action for which the City’s [governmental] immunity has been waived.”

Governmental
Immunity

In
1847, the Texas Supreme Court held that “no State can be sued in her own courts
without her consent, and then only in the manner indicated by that consent.”  Hosner
v. DeYoung, 1 Tex. 764, 769 (1847).  This immunity also applies to political
subdivisions of the State, including counties, cities, and school districts.  Wichita
Falls State Hosp. v. Taylor, 106 S.W.3d 692, 694 n.3 (Tex. 2003).  In
this context, it is referred to as governmental immunity.  Id. 
In Texas, governmental immunity has two components: immunity from
liability, which bars enforcement of a judgment against a political subdivision,
and immunity from suit, which bars lawsuits against the entity altogether.  Tooke
v. City of Mexia, 197 S.W.3d 325, 332 (Tex. 2006).  Immunity from suit
is jurisdictional and bars suit; immunity from liability is not jurisdictional
and protects from judgments.  Harris County Hosp. Dist. v. Tomball Reg’l
Hosp., 283 S.W.3d 838, 842 (Tex. 2009).

In
the context of tort lawsuits against a political subdivision, the “proprietary-governmental
dichotomy” has been used to determine whether the subdivision is immune from
suit for tortious conduct.  Tooke, 197 S.W.3d at 343.  Generally,
a municipality’s proprietary functions are those conducted “in its private
capacity, for the benefit only of those within its corporate limits, and not as
an arm of the government.”  Id. at 343 (quoting Dilley
v. City of Houston, 148 Tex. 191, 193, 222 S.W.2d 992, 993 (1949)).  A
municipality’s governmental functions are, generally, those conducted “in the
performance of purely governmental matters solely for the public benefit.”  Tooke,
197 S.W.3d at 343 (quoting Dilley, 148 Tex. at 193, 222 S.W.2d at
993).  A municipality is not immune from suit for torts committed in the
performance of its proprietary functions; but it is immune from suit for torts
committed in the performance of its governmental functions.  Tooke,
197 S.W.3d at 343.  Texas law is unsettled as to whether the “proprietary-governmental”
distinction always applies to determine whether immunity from suit exists in
the context of other types of actions.[1]
 See id. (“But we have never held that this same distinction
determines whether immunity from suit is waived for breach of contract claims,
and we need not determine that issue here.”); cf. City of San Antonio v.
Reed S. Lehman Grain, Ltd., No. 04-04-00930-CV, 2007 WL 752197, at *3
(Tex. App.—San Antonio Mar. 14, 2007, pet. denied) (mem. op.)
(applying the “proprietary-governmental” distinction to other actions).  

Governmental
immunity from suit deprives a trial court of subject matter jurisdiction. Reata
Constr. Corp. v. City of Dallas, 197 S.W.3d 371, 374 (Tex. 2006).  When
present, governmental immunity protects the political subdivisions of the State
from lawsuits for money damages.  Id.  It also protects political
subdivisions from lawsuits that seek to control their actions.  City of El Paso v. Heinrich, 284 S.W.3d 366, 371-73 (Tex. 2009).  Neither of these
protections may be circumvented by characterizing an immunity-barred claim as a
declaratory judgment claim.  See City of Houston v.
Williams, 216 S.W.3d 827, 828-29 (Tex. 2007).

Standard
of Review[2]

The
absence of subject matter jurisdiction may be raised by a plea to the
jurisdiction, as well as by other procedural vehicles, such as a motion for
summary judgment.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547,
554 (Tex. 2000).  Whether a court has subject matter jurisdiction is a question
of law.  Tex. Dep’t of Parks & Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004).  Appellate courts reviewing a challenge to a trial
court’s subject matter jurisdiction review the trial court’s ruling de novo.  Id. at 228.  When conducting a de novo review, a reviewing
court exercises its own judgment and redetermines each issue of fact and law.  See
Schade v. Tex. Workers’ Comp. Comm’n, 150 S.W.3d 542, 549 (Tex.
App.–Austin 2004, pet. denied) (citing Quick v. City of Austin, 7
S.W.3d 109, 116 (Tex. 1998)).  The reviewing court accords the trial court’s
decision no deference.  See Schade, 150 S.W.3d at 549 (citing Quick,
7 S.W.3d at 116).  When a conclusion of law is erroneous, but the trial court reached
the right result, the erroneous conclusion of law does not require reversal.  See
BMC Software Belg., N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  If a trial court lacks jurisdiction over some claims but not others, the trial
court should dismiss those claims over which it does not have subject matter
jurisdiction but retain those claims over which it does.  See Thomas
v. Long, 207 S.W.3d 334, 339 (Tex. 2006).

“When
a plea to the jurisdiction challenges the pleadings, we determine if the
pleader has alleged facts that affirmatively demonstrate the court’s
jurisdiction to hear the cause.”  Miranda, 133 S.W.3d at 226.  We
construe the pleadings liberally in favor of the plaintiff and look to the
pleader’s intent.  Id.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiff an opportunity to amend. Id. at
227.  If the pleadings do not contain sufficient facts to affirmatively
demonstrate the trial court’s jurisdiction but do not affirmatively demonstrate
incurable defects in jurisdiction, the issue is one of pleading sufficiency and
the plaintiff should be afforded the opportunity to amend.  Id.
at 226-27.  If a plaintiff has been provided a reasonable opportunity to amend
after a governmental entity files its plea to the jurisdiction, and the
plaintiff’s amended pleading still does not allege facts that would constitute
a waiver of immunity, then the trial court should dismiss the plaintiff’s
action. Harris County v. Sykes, 136 S.W.3d 635, 639
(Tex. 2004).  “Such a dismissal is with prejudice because a plaintiff should
not be permitted to relitigate jurisdiction once that issue has been finally
determined.” Id.

“[I]f
a plea to the jurisdiction challenges the existence of jurisdictional facts, we
consider relevant evidence submitted by the parties when necessary to resolve
the jurisdictional issues raised, as the trial court is required to do.”  Miranda,
133 S.W.3d at 227.  When reviewing a plea to the jurisdiction in
which the pleading requirement has been met and evidence has been submitted to
support the plea that implicates the merits of the case, we take as true all
evidence favorable to the nonmovant.  Id. at 228.  We
indulge every reasonable inference and resolve any doubts in the nonmovant’s
favor.  Id.  If the evidence creates a fact
question regarding the jurisdictional issue, a plea to the jurisdiction will
not be granted, and the fact issue will be resolved by the fact finder. See id.
at 227-28.  However, if the relevant evidence is undisputed or fails to
raise a fact question on the jurisdictional issue, the plea to the jurisdiction
may be ruled on as a matter of law.  See id. at 228.

It
is undisputed that the trial court held a hearing on the City’s plea to the
jurisdiction.  However, the City has not sought to bring forward a reporter’s
record of that hearing.  Absent such a record, we generally presume that
sufficient evidence was before the trial court to support its decision.  See
Sweed v. City of El Paso, 194 S.W.3d 684, 686 (Tex. App.–El Paso
2006, no pet.).  However, the City need only present a record sufficient to
show reversible error.  See Sweeney v. Jefferson, 212 S.W.3d 556,
561 n.7 (Tex. App.–Austin 2006, no pet.).  And, “[a] reporter’s record may not
be necessary for review of pure questions of law.”  See id.

Discussion

In
support of its first issue, that the Smiths “never alleged any cause of action
for which the City’s [governmental] immunity has been waived,” the City asserts
that “all of the Smiths’ claims relate solely to the City’s ‘governmental
functions.’”  As such, the City asserts that governmental immunity bars the
Smiths’ lawsuit absent an allegation in their pleadings that some exception to
governmental immunity applies.  Arguing that no valid exception was pleaded,
the City further argues that the trial court should have dismissed the Smiths’
claims against the City.  The Smiths pleaded that the case involves a
proprietary function, “the maintenance of a drainage easement.”  Therefore,
according to the Smiths’ pleadings, the City does not enjoy immunity from suit.

The
Texas Constitution authorizes the legislature to “define for all purposes those
functions of a municipality that are to be considered governmental and those
that are proprietary, including reclassifying a function’s classification
assigned under prior statute or common law.” Tooke, 197 S.W.3d at
343 (quoting Tex. Const. art. XI,
§ 13).  For purposes of tort liability, the legislature has statutorily
included “sanitary and storm sewers” among a municipality’s governmental
functions. Tex. Civ. Prac. & Rem.
Code Ann. § 101.0215(a)(9) (Vernon 2005); PKG Contracting, Inc. v.
City of Mesquite, 197 S.W.3d 388, 388-89 (Tex. 2006).  Further, the
Texas Supreme Court has held that “sanitary and storm sewers” are governmental
functions under the common law.  PKG Contracting, 197 S.W.3d at
388-89.  And cities regularly address drainage problems by using storm sewers.  See
23 David B. Brooks, Texas Practice:  Municipal Law and
Practice § 22.09 (2d ed. 1999) (“Drainage, as a municipal utility, usually
takes the form of storm sewers, to be distinguished from sanitary sewers.”).  Therefore,
we construe the Texas Supreme Court’s holding in PKG Contracting to
include municipal drainage easements as governmental functions under the common
law.  See PKG Contracting, 197 S.W.3d at 388-89.

Nevertheless,
the Smiths argued in the trial court, and continue to argue here, that they
simply seek a declaratory judgment as to the existence of a drainage easement. 
They assert that a declaratory judgment action is the proper vehicle to
determine the existence of an easement and that such an action is not barred by
governmental immunity.  The City claims that the true purpose of the Smiths’
action is ultimately to impose liability upon the City.  As such, the City
argues that the Smiths’ action is barred by governmental immunity.  

The
protections of governmental immunity may not be circumvented by characterizing
an immunity-barred claim as a declaratory judgment claim.  See Williams,
216 S.W.3d at 828-29.  Here, any claim that a drainage easement has existed in
the past can relate only to an injury, if any, that has already occurred.  The
only plausible remedy for such a past injury would be money damages.  See id.
at 829 (“The only injury the retired firefighters allege has already
occurred, leaving them with only one plausible remedy – an award of money
damages.”).  Such a claim, even where veiled as a declaratory judgment claim, is
barred by governmental immunity.  See Reata Constr., 197 S.W.3d at
374.

Any
suit to determine whether the City presently has a drainage easement on the
Smiths’ property can relate only to controlling the City’s actions.  The only possible
purposes of determining if the City has an easement are to determine whether
the City should be maintaining the pipes and property in question and whether
the City can take affirmative steps to stop the Smiths from repairing or
modifying the pipes and property in question.  See Heinrich, 284
S.W.3d at 372 (“[S]uits . . . seeking to establish a contract’s validity, to
enforce performance under a contract, or to impose contractual liabilities” are
barred by governmental immunity because they “attempt to control state action
by imposing liability on the State.”).  Therefore, the only reason for seeking
such a finding is to control the actions of the City.  But here, governmental
immunity protects the City from lawsuits against it seeking to control its
actions.  See id. at 372-73.  This is true even where such a
lawsuit is veiled as a declaratory judgment claim.  See Williams,
216 S.W.3d at 828-29.

The
Smiths’ claims against the City, while couched as declaratory judgment claims,
actually either relate to money damages or to controlling the actions of a
municipality.  Therefore, they are barred by governmental immunity. See Heinrich,
284 S.W.3d at 371-73; Reata Constr., 197 S.W.3d at 374.  We
sustain the City’s first issue.

 

Claims Against TxDOT

In
its first issue, TxDOT argues that sovereign immunity bars the Smiths’ claims
against TxDOT. 

 

Sovereign
Immunity

As
noted above, it has long been recognized that “no State can be sued in her own
courts without her consent, and then only in the manner indicated by that
consent.”  See Hosner, 1 Tex. at 769.  This immunity also
applies to “the various divisions of state government, including agencies,
boards, hospitals, and universities.”  Wichita Falls State Hosp.,
106 S.W.3d at 694 n.3.  In this context, it is referred to as sovereign
immunity.  Id.  Like governmental immunity,
sovereign immunity has two components:  immunity from suit and immunity from
liability.  Gen. Servs. Comm’n v. Little-Tex Insulation Co., Inc.,
39 S.W.3d 591, 594 (Tex. 2001).  Immunity from suit is jurisdictional and bars
suit; immunity from liability is not jurisdictional and protects from
judgments.  Harris County Hosp. Dist., 283 S.W.3d at 842.

Discussion[3]

            For
the reasons set forth when addressing the City’s first issue, we hold that the
Smiths’ declaratory judgment claims against TxDOT are barred by sovereign
immunity.  These claims have only two possible purposes, to subject TxDOT to
monetary liability or to control the actions of TxDOT.  See Tex. Natural
Res. Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 855-56 (Tex. 2002) (plurality op.) (suits to subject State to monetary damages or to control State’s
actions are barred by sovereign immunity).  A plaintiff cannot defeat sovereign
immunity by simply veiling his barred claims as declaratory judgment claims.  See
id. at 856; see also State v. Beeson, 232 S.W.3d 265,
271-72 (Tex. App.–Eastland 2007, pet. abated) (declaratory judgment action
against State to determine existence of easement barred by sovereign
immunity).  We sustain TxDOT’s first issue.[4]

Disposition

Having
sustained the City’s first issue and TxDOT’s first issue, we reverse
the order of the trial court denying the City’s and TxDOT’s pleas to the
jurisdiction and dismiss, with prejudice, the Smiths’ action for
lack of subject matter jurisdiction.[5]
 See Sykes, 136 S.W.3d at 639 (requiring dismissal with prejudice
where plaintiff previously had opportunity to amend).

 

 

                                                                                                Sam Griffith

                                                                          
           Justice

 

 

Opinion delivered December 14,
2009.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

(PUBLISH)









[1]
Because of our determination that any matter relevant to the Smiths’
declaratory judgment action involved a governmental function, we need not
address the applicability of the “proprietary-governmental” distinction to this
case.  See id. at 343-44 (declining to address the issue where
matter determined to be governmental function).

 





[2]
As set forth below, we will dispose of the City’s governmental immunity issue
by way of its plea to the jurisdiction.  Therefore, we do not discuss the
standard of review applicable to summary judgments.  See Tex. R. App. P. 47.1.





[3]
The review of a plea to the jurisdiction based upon sovereign immunity involves
the same standard of review as that applied to the City’s first issue. 
Therefore, we do not repeat the standard here.

 





[4] We note that TxDOT made a
claim for injunctive relief and attorney’s fees in its answer.  See Reata
Constr., 197 S.W.3d at 376-77 (partial waiver of immunity by assertion
of affirmative claim for monetary relief).  However, as explained by the Texas
Supreme Court, when we review a party’s pleadings for subject matter
jurisdiction, we require that “the pleader . . . allege facts that
affirmatively demonstrate the court’s jurisdiction to hear the cause.” Tex. Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446
(Tex. 1993).  Here, the Smiths have not alleged in their pleadings that
TxDOT’s claims result in a waiver of immunity or otherwise provide
jurisdiction.  This is so despite the fact that the Smiths amended their
pleadings in an attempt to demonstrate jurisdiction.  Nor have the Smiths based
any argument in this appeal upon TxDOT’s pleadings.  Because it was the
Smiths’ burden to present a basis for jurisdiction in their pleadings, we have
not considered the ramifications of TxDOT’s claims when making our
determination of jurisdiction.  See Dallas Area Rapid Transit v.
Whitley, 104 S.W.3d 540, 542 (Tex. 2003) (plaintiff bears burden to
“affirmatively demonstrate the court’s jurisdiction” and to dispute
government’s allegations).  Further, to the extent we might potentially
consider the effect of TxDOT’s claims when determining the appropriate
disposition of this case, the fact that the Smiths amended their pleadings
without including any assertion based upon these claims is controlling. See Sykes,
136 S.W.3d at 639 (requiring dismissal with prejudice where plaintiff
previously had opportunity to amend).

 





[5]
Because the City’s and TxDOT’s first issues were dispositive, we do not address
either party’s second issue.  See Tex.
R. App. P. 47.1.