# IN THE SUPREME COURT OF TEXAS

════════════

No. 15-0029

════════════

WHEELABRATOR AIR POLLUTION CONTROL, INC., PETITIONER,

v.

CITY OF SAN ANTONIO ACTING THROUGH THE CITY PUBLIC SERVICE
BOARD OF SAN ANTONIO, TEXAS, RESPONDENT

════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

════════════════════════════════════════════

**Argued January 14, 2016**

JUSTICE GREEN delivered the opinion of the Court.

In *Wasson Interests, Ltd. v. City of Jacksonville*, we resolved the issue of whether the distinction between governmental and proprietary acts—sometimes referred to as the proprietary-governmental dichotomy—applies to breach-of-contract claims against municipalities, and concluded that it does. ___ S.W.3d ___, ___ (Tex. 2016). We explained that, in both the contract-claims and tort-claims contexts, "acts performed as part of a city's proprietary function do not implicate the state's immunity for the simple reason that they are not performed under the authority, or for the benefit, of the sovereign." *Id.* This contract-claims case requires us to determine whether a claim for attorney's fees for breach of a contract to install pollution control equipment at a power plant is proprietary or governmental in nature. In light of *Wasson*, we hold that (1) the actions of the

municipality in entering the contract—relating to the operation of a public utility—are proprietary; and (2) a claim for attorney's fees arising from those proprietary actions does not implicate governmental immunity. We therefore reverse the court of appeals' judgment and remand the case to the trial court.

## I. Facts

Effective August 5, 2004, Wheelabrator Air Pollution Control, Casey Industrial, Inc., and City Public Service Board of San Antonio, a municipal board of the City of San Antonio (CPS Energy),[1] entered into a contract (the Agreement) for the design and construction of the J.T. Deely Baghouse Project (the Project), part of a coal-fired power station owned and operated by CPS Energy. CPS Energy is a municipally-owned electric and gas utility in San Antonio, Texas. CPS Energy agreed to pay Wheelabrator $41,818,460 for goods and services in connection with the Project. Wheelabrator completed all portions of its work in 2007, but CPS Energy notified Wheelabrator that it was withholding 10% of the total contract price—the retainage amount according to the contract—because of a dispute between Casey Industrial and CPS Energy. Wheelabrator filed suit against CPS Energy in August 2011, alleging breach of contract or, in the alternative, asserting a quantum meruit claim, and requesting reasonable and necessary attorney's fees, costs, and interest. There is no dispute that the Agreement has been fully performed and that CPS Energy has withheld the retainage from Wheelabrator. In its first appearance, CPS Energy filed a plea to the jurisdiction asserting governmental immunity to the extent that Wheelabrator's claims

---

[1] The City of San Antonio acts by and through CPS Energy, so CPS Energy is treated as a municipality.

2

fell outside the waiver of immunity under chapter 271 of the Texas Local Government Code, TEX. LOC. GOV'T CODE §§ 271.151–.160, and specifically immunity from Wheelabrator's quantum meruit claims. The trial court denied CPS Energy's plea to the jurisdiction, the Fourth Court of Appeals reversed, and we denied Wheelabrator's petition for review. *City of San Antonio v. Wheelabrator Air Pollution Control*, 381 S.W.3d 597, 599 (Tex. App.—San Antonio 2012, pet. denied).

After the court of appeals remanded the case to the trial court, CPS Energy filed an amended answer and plea to the jurisdiction alleging immunity from all claims except those within the scope of section 271.152 of the Local Government Code. CPS Energy argued that the prior version of the statute, which did not allow recovery of attorney's fees, applied because the Agreement was executed in 2004, before Chapter 271's enactment in 2005. Additionally, CPS Energy filed a motion to consolidate the Wheelabrator case with the suit Casey Industrial filed against CPS Energy, explaining that "CPS Energy retained the amount [withheld from Wheelabrator] because of a dispute between CPS Energy and Casey [Industrial] under the [Agreement]" and that the cases arose out of the same Agreement, involve the same parties, and present the same questions of law and fact. The trial court, despite Wheelabrator's opposition, granted the motion to consolidate on March 31, 2014.

At this point, CPS Energy filed a plea to the jurisdiction seeking dismissal of Casey Industrial's and Wheelabrator's claims for attorney's fees for lack of jurisdiction, arguing that attorney's fees were outside the scope of statutorily-waived immunity as the statute was written in 2004, the time of the Agreement.[2] Wheelabrator argued in response: (1) CPS Energy had no

---

[2] CPS Energy also filed a second plea to the jurisdiction as to Casey Industrial's breach-of-contract claims, arguing that Casey Industrial sought damages outside the scope of section 271.153 of the Local Government Code. This second plea to the jurisdiction is not relevant to the current interlocutory appeal.

3

immunity from suit from Wheelabrator's claims because CPS Energy was performing a proprietary function in its dealings with Wheelabrator; (2) a plea to the jurisdiction is not the proper basis for challenging liability for attorney's fees because it is premature; and, alternatively, (3) CPS Energy waived immunity from suit by asserting an offset claim against Wheelabrator. The trial court granted CPS Energy's plea to the jurisdiction and dismissed with prejudice Casey Industrial's and Wheelabrator's claims for attorney's fees. Wheelabrator brought an interlocutory appeal and the court of appeals affirmed. ___ S.W.3d ___, ___ (Tex. App.—San Antonio 2014, pet. granted). Wheelabrator again brought an interlocutory appeal to this Court. For the reasons explained below, we reverse the court of appeals' judgment.

## II. Dichotomy Applicability

In the trial court, CPS Energy argued that Wheelabrator failed to allege a valid waiver of immunity from suit and the court therefore lacked subject matter jurisdiction. Generally, "immunity from suit implicates courts' subject-matter jurisdiction." *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 91 (Tex. 2012). Thus, it "is properly asserted in a plea to the jurisdiction." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.* at 226. As previously established, a city does not have derivative immunity when it engages in a proprietary function, even in the contract-claims context. *Wasson*, ___ S.W.3d at ___. Therefore, in determining whether Wheelabrator's suit for attorney's fees is barred by governmental immunity, we must first determine whether the subject matter of the suit stems from a proprietary or a governmental function of the municipality. If we determine the action arose out of the municipality's performance of a proprietary function, then the

4

case proceeds as if the claim were asserted against a private person. *See id.* at ___. Alternatively, should we determine the action arose out of the municipality's performance of a governmental function, immunity applies and it must be overcome by a claimant establishing a valid waiver.[3] *See, e.g.*, *PKG Contracting, Inc. v. City of Mesquite*, 197 S.W.3d 388, 388–89 (Tex. 2006) (per curiam) (holding that the city was acting in its governmental capacity when it entered the contract with PKG and that it had not waived immunity from suit).

### A. CPS Energy's Function

Wheelabrator asserts, and CPS Energy neither concedes nor disputes, that a municipality's operation and maintenance of a public utility is a proprietary function. This comports with Texas law. This Court has previously held that a municipality's operation of its own public utility is a proprietary function. *San Antonio Indep. Sch. Dist. v. City of San Antonio*, 550 S.W.2d 262, 264 (Tex. 1976) ("A city which owns and operates its own public utility does so in its proprietary capacity."). Furthermore, the Texas Tort Claims Act (TTCA), which we have previously deferred to when classifying functions in contract disputes, lists operation of a public utility as a proprietary function. *See* TEX. CIV. PRAC. & REM. CODE § 101.0215(b)(1) (stating that "proprietary functions, . . . includ[e] . . . the operation and maintenance of a public utility"). In *PKG Contracting*, this Court looked to the TTCA for guidance in classifying a municipality's actions as proprietary or governmental in a breach-of-contract action. 197 S.W.3d at 388–89. The Court explained:

---

[3] As we said in *Wasson*, "[o]ur caselaw . . . prescribes a relatively simple two-step process for addressing the applicability of immunity[:] [(1)] The judiciary determines the applicability of immunity in the first instance and delineates its boundaries[;] [(2)] If immunity is applicable, *then* the judiciary defers to the [L]egislature to waive such immunity." ___ S.W.3d at ___ (emphasis in original).

Because the Legislature has statutorily included "sanitary and storm sewers" among a municipality's governmental functions for purposes of tort liability, and we see no reason to think that the classification would be different under the common law, we conclude that the City was acting in its governmental capacity when it contracted with PKG to construct a storm drainage system.

*Id.* (quoting TEX. CIV. PRAC. & REM. CODE § 101.0215(a)(9)) (internal quotation omitted); s*ee also*

*Tooke v. City of Mexia*, 197 S.W.3d 325, 343–44 (Tex. 2006) (borrowing the TTCA's classification

of "garbage and solid waste removal, collection, and disposal" as governmental in a contracts

dispute). In *Wasson*, we reaffirmed the appropriateness of deferring to the TTCA when classifying

acts in the contract-claims context. ___ S.W.3d at ___ ("In determining the boundaries of immunity

as it relates to whether a function is proprietary or governmental . . . courts should be guided . . . by

the TTCA's treatment of the proprietary-governmental distinction.").

CPS Energy is a municipally-owned electric and gas utility. It executed the Agreement under

which Wheelabrator would provide goods and services for the design and construction of pollution

control equipment for a coal-fired power station that CPS Energy owns and operates. Both our

common-law precedent and the TTCA—which, as discussed above, we find appropriate to defer

to—have classified a municipality's operation and maintenance of a public utility as a proprietary

function. *See, e.g.*, *San Antonio Indep. Sch. Dist.*, 550 S.W.2d at 264 ("A city which owns and

operates its own public utility does so in its proprietary capacity."). Under these facts, therefore, we

conclude that CPS Energy is not shielded by governmental immunity. *See Wasson*, ___ S.W.3d at

___; *San Antonio Indep. Sch. Dist.*, 550 S.W.2d at 264; TEX. CIV. PRAC. & REM. CODE

§ 101.0215(b)(1).

6

## B. Attorney's Fees Claim

Here, the attorney's fees claim stems directly from Wheelabrator's breach-of-contract action against CPS Energy, the subject matter of which we have determined was a proprietary function. In *Wasson*, we explained that a municipality "is cloaked in the state's immunity when it acts as a branch of the state, but *only* when it acts as a branch of the state." ___ S.W.3d at ___ (emphasis in original). Therefore, we held that a municipality had no immunity when it contracted in its proprietary capacity. *Id.* Here, although the claim is for attorney's fees, such fees are ancillary to Wheelabrator's breach-of-contract claim.[4] Just as the nature of governmental immunity does not "inherently limit[] the dichotomy's application to tort claims," it likewise does not inherently preclude a claim for attorney's fees from a breach-of-contract claim arising from a proprietary function. *Id.* Therefore, we hold that Wheelabrator's claim for attorney's fees does not implicate immunity.

Regardless of whether Wheelabrator's claim for attorney's fees is barred by immunity, CPS Energy argues that Wheelabrator is not entitled to a claim for attorney's fees "whether against a governmental entity or not," unless the contract or a statute provides for recovery, and that Wheelabrator has failed to allege either. Ultimately, CPS Energy argues, Wheelabrator has not pointed to a statute that waives governmental immunity for attorney's fees, the jurisdictional facts are undisputed, and additional discovery will not enable Wheelabrator to find a basis for waiver of immunity. In response, Wheelabrator argues that CPS Energy's plea to the jurisdiction cannot be

---

[4] Texas follows the American rule on attorney's fees, which provides that, generally, "a party may not recover attorney's fees unless authorized by statute or contract." *Wells Fargo Bank NA v. Murphy*, 458 S.W.3d 912, 915 (Tex. 2015).

used to decide the merits of a claim and that CPS Energy's attempt to obtain "summary judgment" on the merits through its dilatory plea to the jurisdiction is improper. Furthermore, Wheelabrator asserts that with additional discovery, Wheelabrator may properly develop the record and amend its pleadings on the merits of its attorney's fees claim. "A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Furthermore, "[t]he purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits of the plaintiffs' claims should never be reached." *Id.* CPS Energy conflates the issues. Here, we are faced with the determination of whether CPS Energy's plea to the jurisdiction should be granted and, more fundamentally, whether CPS Energy was performing a proprietary or governmental function, which determines whether CPS Energy is protected by governmental immunity from suit in the first place. Because we hold that CPS Energy is not protected by governmental immunity, we need not address whether the attorney's fees claim has merit.

### III. Conclusion

We hold that CPS Energy was performing a proprietary function and is therefore not immune from suit based on governmental immunity. We reverse the court of appeals' judgment and remand the case to the trial court for further proceedings consistent with this opinion.

_____
Paul W. Green
Justice

OPINION DELIVERED: April 15, 2016

8