**Reverse and Remand and Opinion Filed May 2, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-16-00088-CV
_____

### ROMULUS GROUP, INC., Appellant
### V.
### CITY OF DALLAS, Appellee

_____

### On Appeal from the 191st Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-14-15032

_____

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Romulus Group, Inc. challenges the trial court's orders granting the City of Dallas's pleas to the jurisdiction and dismissing its claims for breach of contract and attorney's fees. For reasons set out below, we reverse the trial court's orders and remand the case to the trial court for further proceedings consistent with this opinion.

In 2011, the City solicited bids for a thirty-six-month contract to provide temporary clerical and professional labor. The contract specifications requested unit prices, or hourly rates, for a specific quantity of hours at which the bidders could provide temporary employees in twenty-five specific categories based on a skill level/classification criterion set by the City. All fees and charges were to be included in the bid rate.

Romulus submitted a bid of $13,503,090. The bid was calculated by multiplying the unit cost, or hourly rate, by the annual quantity of hours for each category requested by the City. Romulus was the lowest bidder and was awarded the contract in January 2012. Under the contract, the City agreed to pay Romulus "in accordance with the Specifications and Bid." The contract also expressly disallowed any modifications "without written supplemental agreement executed by both parties." The contract could be terminated by the City with ten days advance written notice for cause or for convenience, but in such an event, the City was required to compensate Romulus "in accordance with the terms of this Contract for Contract Work properly performed prior to the date of termination . . . . "

Romulus began performance, screening candidates for the positions and then supplying employees who provided services to the City. At some point, a dispute arose between Romulus and the City over the payment of some of these workers. The City complained Romulus failed to "meet its payroll obligations" to some employees. According to the City, Romulus designated some employees as "professional contractors" and paid these employees as "1099 contractors instead of W2 Romulus employees" in violation of the contract. Romulus complained the City had begun designating employees into a new category, "Clerical Positions Not Listed," and was setting the pay rate for them and then adding a 21.8 percent markup, which Romulus said was below the contract rate and below a number at which it could "do business."

In November 2013, the City terminated the contract and requested Romulus remit all invoices for services prior to the termination date for payment. Four months later, Romulus made written demand for almost $1.6 million in damages for the "underpayment for services provided." When the City failed to pay, Romulus sued the City for breach of a services contract and sought damages and attorney's fees under section 271.153 of the Texas Local Government Code. Attached to the petition were copies of the bid specifications and the contract.

The City filed an answer that included special exceptions and a plea to the jurisdiction. In its plea, the City first asserted that Romulus's petition affirmatively demonstrated the alleged conduct did not constitute a breach of the contract. Specifically, the City argued Romulus alleged it "acceded to demands by the City to provide labor that was not contracted for, at rates that were below [Romulus's] costs to provide the labor." Thus, the City asserted the "alleged demands were not a breach of any promise in the contract." Second, the City alleged the requested damages were not contract damages and were not within the limitations required under section 271.153 of the local government code. Finally, the City argued Romulus did not have a valid claim for attorney's fees because such fees were not provided by contract or statute.

At a hearing on the plea, the City continued its argument that the nature of Romulus's complaint was that the City demanded it provide services "outside the contract" and any damages were not in connection with the contract. Romulus responded the "demands" made by the City required "no different type of work" than under the contract, but the City "just called it something different." The trial court ordered Romulus to replead "due to ambiguous statements in the pleadings." Additionally, the trial court granted the plea as to attorney's fees and dismissed that claim for lack of subject matter jurisdiction.

In response to the trial court's order, Romulus filed an amended pleading that alleged in part the following:

14. When it came time to pay [Romulus] for the services provided, however, [the City] re-designated certain of the temporary employees to a non-listed category called "Clerical Positions Not Listed," and paid for them at a lower rate, even though the skill set and work required, in substance, was no different than that already encompassed by one of the other category designations and should have been paid for at the contracted-for rates.

15. In other words, [the City] merely used the non-listed label when it came time to pay [Romulus] so that [the City] could attempt to pay [Romulus] at a

–3–

different rate. As a result, [the City] failed to pay the amount due and owing for the work [Romulus] actually provided to [the City].

16. [The City's] actions constitute a breach of the Contract and have resulted in severe underpayment to [Romulus]. [The City] terminated the Contract effective November 11, 2013, at which time [the City] failed to pay the balance of the amount due and payable under the Contract.

The City specially excepted to the amended petition, arguing Romulus needed to identify at least one employee who had been re-designated to a non-listed category from a specific category, the rate at which the employee was paid that was below the agreed rate for the listed category, and when the alleged underpayment occurred. The City also specially excepted to Romulus's allegations regarding notice, asserting Romulus needed to allege facts demonstrating at least one specific breach of contract occurred within 180 days of a specified date of notice of breach to the City as required by Dallas City Code section 2-86.

Following a hearing, the trial court sustained only the special exception as to notice and gave Romulus an opportunity to replead to address the notice issue. In response to the court's order, Romulus filed supplemental exhibits to its first amended petition. These exhibits included two "notice" letters dated September 13, 2013 and March 24, 2014 and the City's termination letter. One of Romulus's notice letters attached a spreadsheet showing the amount Romulus claimed the City owed.

After Romulus filed the supplemental exhibits, the City filed a second plea to the jurisdiction. As before, the City asserted Romulus did not and could not plead a breach of contract or damages within the limitation of the statute. In addition, the City argued there was no jurisdiction over the breach of contract claim because Romulus did not and could not allege facts demonstrating it complied with the "jurisdictional prerequisite" of giving timely notice of the claim. Romulus responded with jurisdictional evidence including an example demonstrating the City refused to pay the contracted unit price for a temporary employee Romulus supplied. After

–4–

a hearing, the trial court granted the second plea and dismissed the cause for lack of subject matter jurisdiction. This appeal followed.

Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004). We review de novo a challenge to the trial court's subject matter jurisdiction. *Tex. Nat. Res. Conservation Comm'n v. IT–Davy,* 74 S.W.3d 849, 855 (Tex. 2002).

Generally, a plea to the jurisdiction may challenge the sufficiency of the plaintiff's pleadings or the existence of necessary jurisdictional facts. *See Zachry Const. Corp. v. Port of Houston Auth. of Harris Cty.*, 449 S.W.3d 98, 110 n.53 (Tex. 2014). When the plea challenges the plaintiff's pleadings, we determine whether the claimant has pleaded facts that affirmatively demonstrate the trial court's jurisdiction, construing the pleadings liberally and in favor of the claimant. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993). When the plea appropriately challenges jurisdictional facts, we consider evidence submitted by the parties. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 555 (Tex. 2000). In performing our review, we do not look to the merits of the plaintiff's case, but consider only the pleadings and the evidence pertinent to the jurisdictional inquiry. *Consumer Serv. All. of Tex., Inc. v. City of Dallas,* 433 S.W.3d 796, 802 (Tex. App.—Dallas 2014, no pet.). If the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 378 (Tex. 2009). This standard mirrors our review of summary judgments. *Id.*

The Local Government Contract Claims Act waives a local governmental entity's immunity from suit in certain breach of contract claims. *Zachry*, 449 S.W.3d at 106; *see also Tooke v. City of Mexia*, 197 S.W.3d 325, 345 (Tex. 2006) (including municipality in definition of

local governmental entity); TEX. LOC. GOV'T CODE ANN. §§ 271.151(3)(A); 271.152 (West 2016). Section 271.152 of the Act states:

> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of contract, subject to the terms and conditions of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.152. A "contract subject to this subchapter" includes only written contracts stating the essential terms of the agreement for providing goods and services that are "properly executed on behalf of the local governmental entity." *Id*. § 271.151(2)(A). The waiver requires a showing of a "substantial claim," meaning the claimant must plead facts with some evidentiary support that constitute a claim for which immunity is waived, not that the claimant will prevail. *Zachry*, 449 S.W.3d at 109–10.

The parties here do not dispute that the Contract for Temporary Clerical and Professional Labor is an "agreement for providing goods or services to the local government entity" and is the type of contract that falls within the scope of the immunity waiver. The first issue is whether Romulus's allegations and supporting evidence fall within the terms of this contract.

In its second amended petition, Romulus pleaded (1) the City awarded it a service contract to provide temporary clerical and professional workers, (2) in the contract, the City agreed to pay the rate agreed upon for the types of services provided, (3) Romulus screened the candidates for the positions needed and supplied the workers, who began providing the services, and (4) when it came time to pay, the City redesignated certain employees to a non-listed category and paid them at a lower rate even though the skill set of the workers and the work required were substantively no different than that encompassed by the other category designations and should have been paid at the contract rates.

In addition to the pleadings, Romulus presented evidentiary support, including (1) the contract, which reflects the unit prices at which Romulus agreed to provide the workers and

which the City agreed to pay, (2) emails between Romulus and the City regarding the City's use of a "clerical positions not listed" category the City believed allowed it to provide the pay rate and allowed Romulus to add a 21.8% markup, (3) a delivery order modification by the City showing Romulus provided a Coordinator II and invoiced the City at the contract rate of $23 per hour, but the City modified the invoice and paid $21.92 per hour, and (4) a spreadsheet, created by Romulus, listing 162 employees for whom Romulus alleged the City paid rates other than the contract price.

The City argues Romulus's evidence contains admissions by Romulus that it supplied workers to the City that were not in the contract and the City paid less than the markup rates Romulus desired. According to the City, whether it "redesignated" workers or those workers did not fit into pre-existing categories, Romulus was providing workers to the City outside of the "25-category list" without any contractual obligation to do so, and as a result, Romulus is making a claim for unjust enrichment, not breach of contract. In effect, the City is arguing the breach of contract claim is not justiciable because it fails on the merits. But whether the claim is meritorious—an issue we do not address—does not mean the trial court does not have subject matter jurisdiction to adjudicate it. The City's argument raises only a fact issue that should not be determined on a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 228. We conclude the pleadings and evidence demonstrate conduct that falls within the contract's terms. To the extent the trial court granted the plea to the jurisdiction on this basis, it erred.

Next, Romulus contends it pleaded and presented evidentiary support for damages within the limitations of section 271.153. Specifically, Romulus alleged the City underpaid and Romulus sought the balance of the amount due and owing under the contract.

The City responds that the price terms in the contract were based on a "unit price" for each employee category, not a markup rate, and there was no amendment to change the payment

terms. It argues that Romulus alleged there was no agreement to change the contract price to "an hourly rate of pay plus a markup percentage, whether that percentage be 21.8 percent or higher," but the City attempted to pay some invoices based on that "type of calculation." Because the contracts do not provide for payment of a markup rate, the City argues, the amounts sought by Romulus were not the balance due and owed.

Section 271.153 limits the monetary award in "an adjudication brought against a local governmental entity for breach of a contract" solely to:

> (1) the balance due and owed by the local governmental entity under the contract as it may have been amended, including any amount owed as compensation for the increased cost to perform the work as a direct result of owner-caused delays or acceleration;
>
> (2) the amount owed for change orders or additional work the contractor is directed to perform by a local governmental entity in connection with the contract;
>
> (3) reasonable and necessary attorney's fees that are equitable and just; and
>
> (4) interest as allowed by law, including interest as calculated under Chapter 2251, Government Code.

TEX. LOC. GOV'T CODE ANN. § 271.153(a); *see Zachry,* 449 S.W.3d at 106–07.

Romulus pleaded that when it came time to pay for services provided, the City paid at a lower rate than allowed by contract. As evidentiary support, it presented a delivery order for one employee that had been modified by the City. A handwritten notation on the delivery order indicates the employee had been reclassified several times, and Romulus had invoiced the position as a Coordinator II with a bill rate of $23. Romulus's bid, which was accepted by the City, showed the billable rate for a Coordinator II at $23 an hour. The delivery order, however, reflects that the City modified the pay to $21.92 an hour, which was calculated by paying $18 an hour times 21.8%. This evidence supports Romulus's pleadings that the City underpaid and Romulus was seeking what was due and owing under the contract, which falls within the

limitations on awards under the statute. To the extent the trial court granted the plea on this ground, it erred.

Romulus next challenges the notice issue raised in the City's second plea to the jurisdiction. According to the City, the contract incorporated the notice provisions of section 2-86 of the Dallas City Code, which provides that a person may not maintain a lawsuit to recover for the City's breach of contract unless, "as a condition precedent and a jurisdictional prerequisite to the filing of the lawsuit . . . [,]" the person files notice of a claim not later than 180 days after the date of the occurrence of the event giving rise to the breach of contract claim." Romulus argues this notice provision is a defense while the City argues compliance with the provision is a jurisdictional requirement under section 271.154. We agree with Romulus.

Section 271.154 of the Act provides:

> Adjudication procedures, including requirements for serving notices or engaging in alternative dispute resolution proceedings before bringing a suit or an arbitration proceeding, that are stated in the contract subject to this subchapter or that are established by the local governmental entity and expressly incorporated into the contract or incorporated by reference are enforceable except to the extent those procedures conflict with the terms of this subchapter.

TEX. LOC. GOV'T CODE ANN. § 271.154.

This Court has previously concluded the notice provision in section 271.154 is an affirmative defense to the merits of the suit, not a matter that deprives the trial court of subject matter jurisdiction. *See City of Mesquite v. PKG Contracting, Inc.*, 263 S.W.3d 444, 447 (Tex. App.—Dallas 2008, pet. denied).

To the extent the City questions the validity of the holding in *City of Mesquite* in light of the supreme court's subsequent opinion in *Zachry,* we disagree. In *Zachry,* the court analyzed the Act and concluded it does not waive immunity from suit on a claim for damages not recoverable under section 271.153. *Zachry*, 449 S.W.3d at 110. In reaching this conclusion, the court explained the "subject to the terms and conditions" phrase in section 271.152 incorporates

–9–

other provisions of the Act to define the scope of its waiver of immunity. *Id*. at 108. As the court explained:

> The waiver does not extend to tort suits, suits in federal court, or allow recovery beyond that permitted in Section 271.153. But Section 271.152, as qualified by this "subject to" phrase also *does not preclude other defenses or other contractual procedures*, or confer immunity or suggest joint enterprise.

*Id*. (emphasis added).

The "contractual procedures" language is a reference to section 271.154, which provides for enforcement of contractual adjudication procedure. In other words, the waiver of immunity is not dependent on compliance with section 271.154 as it is for sections 271.157 (no immunity to suit for tort liability), 271.156 (no waiver of immunity to suit in federal court), and 271.153 (limitations on adjudication awards).[1]

We likewise reject any suggestion that section 311.034 of the Texas Government Code renders the notice provision jurisdictional. Section 311.034 provides that "[s]tatutory prerequisites to suit, including the provision of notice, are jurisdictional in all suits against a governmental entity." But the notice provision here is not a statutory requirement; rather, it is contained in the city code. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 830 (Tex. App.—Austin 2014, no pet.).

Because we conclude the notice provision is not a jurisdictional requirement, we do not address whether Romulus sufficiently pleaded notice facts or provided supporting evidence of those facts. To the extent the trial court granted the plea to the jurisdiction based on the notice issue, it erred. Having concluded Romulus sufficiently pleaded and provided supporting proof of a breach of contract and damages under the statute, we sustain the first issue.

---

[1] We note *Zachry* disapproved of a line of cases, including *PKG,* to the extent the cases conflicted with the holding on damages. 449 S.W.3d at 110 n.54. The court did not, however, disapprove or otherwise mention *PKG*'s discussion of notice.

In its second issue, Romulus contends the trial court erred in granting the City's plea to the jurisdiction on its claim for attorney's fees. In its plea, the City argued that attorney's fees are recoverable only as allowed by contract or statute, and neither supports attorney's fees in this case. Thus, the City argued its immunity was not waived for attorney's fees. Romulus counters the City's argument goes to the merits of the claim, not jurisdiction. We agree with Romulus.

Section 271.153(a)(3) waives immunity from suit for "reasonable and necessary attorney's fees that are equitable and just" in a breach of contract claim. TEX. GOV'T CODE ANN. § 271.153(a)(3); *see Zachry*, 449 S.W.3d at 110. This waiver does not depend on the outcome and requires no showing the claimant will ultimately prevail. *Zachry*, 449 S.W.3d at 109–10. Romulus pleaded for reasonable attorney's fees as part of its breach of contract claim. Whether the contract or a statute *authorizes* the recovery of those fees is a different issue that goes to the merits of the claim. It does not, however, impact the trial court's subject matter jurisdiction. *See Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 453 (Tex. 2016) (concluding claim for attorney's fees arising from proprietary action in breach of contract suit does not implicate immunity). We therefore conclude the trial court erred by granting the plea to the jurisdiction on Romulus's request for attorney's fees. We sustain the second issue.

We reverse the trial court's orders granting the City's pleas to the jurisdiction on Romulus's claims for breach of contract and attorney's fees. We remand this case to the trial court for further proceedings consistent with this opinion.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

160088F.P05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROMULUS GROUP, INC., Appellant

No. 05-16-00088-CV     V.

CITY OF DALLAS, Appellee

On Appeal from the 191st Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-14-15032.
Opinion delivered by Justice Francis; Justices Lang-Miers and Whitehill participating.

     In accordance with this Court's opinion of this date, we **REVERSE** the trial court's orders granting the City of Dallas's pleas to the jurisdiction on Romulus Group, Inc.'s claims for breach of contract and attorney's fees and **REMAND** this cause to the trial court for further proceedings consistent with this opinion.

     It is **ORDERED** that appellant Romulus Group, Inc., recover its costs of this appeal from appellee City of Dallas.


Judgment entered May 2, 2017.