**Affirmed and Opinion Filed June 6, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00481-CV**

**LONETA LINDBERG, Appellant**
**V.**
**MICHAEL LINDBERG, Appellee**

**On Appeal from the County Court at Law No. 1**
**Rockwall County, Texas**
**Trial Court Cause No. 1-20-0808**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Partida-Kipness

Appellant Loneta Lindberg appeals the judgment rendered in favor of appellee

Michael Lindberg, her stepson, by Rockwall County Court at Law No. 1 (the trial

court). The judgment terminated a life estate in property awarded to Loneta in a

Family Settlement Agreement (FSA) as part of the probate of the estate of her late-

husband, Charles A. Lindberg (decedent). In a single issue, Loneta contends the trial

court lacked jurisdiction over Michael's claims and, as such, the judgment is void.

We affirm the trial court's judgment.

## BACKGROUND

This case arises out of the probate of the Estate of Charles A. Lindberg (decedent) in Rockwall County Court at Law No. 1. Loneta is the decedent's surviving spouse. Michael is the decedent's son and Loneta's stepson. During the probate proceedings, disputes arose between the beneficiaries and parties interested in the Estate concerning terms of the decedent's Will and other matters. The probate action was ultimately resolved in June 2014 by issuance of a Judgment Declaring Heirship, a Special Warranty Deed, and a Family Settlement Agreement between the parties dated June 10, 2014 (FSA).

Loneta and Michael voluntarily executed the FSA[1], which addressed ownership of a home in Rockwall (the Property) purchased by Charles and Loneta during their marriage. The FSA provided that the Property would be conveyed to Michael by special warranty deed, and Loneta would have a life estate in the Property "as long as she occupies the Property as a homestead" and pays "all taxes on the home and will maintain the home during her life estate." The FSA further provided that Loneta's personal property and household effects will be removed from the Property within thirty days of termination of the life estate.

The deed provides that the life estate carried with it "the duty of maintenance, upkeep, insurance and real property taxes . . . ." The deed further provides that

---

[1] The decedent's daughter, Karen D. Richard, was also a signatory to the FSA. Karen is now deceased and was not a party to the underlying proceeding.

Michael "may take all legal and equitable action to terminate the life estate" if Loneta "should fail to perform these duties and continue to fail to perform these duties for a period of ninety (90) days after written notice from [Michael] to do so . . . ."

In the underlying proceeding, Michael sued to terminate the life estate and evict Loneta. Michael contended that Loneta breached the FSA by failing to pay the 2019 property taxes and certain homeowner's association (HOA) dues. Michael filed a motion for summary judgment, which the trial court granted. This appeal followed.

## ANALYSIS

In a single issue, Loneta contends the judgment is void because the trial court lacked jurisdiction over the action. Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *Wheelabrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Chambers v. Pruitt*, 241 S.W.3d 679, 684 (Tex. App.—Dallas 2007, no pet.). Here, Loneta argues that the underlying action was an action for recovery of real property that falls outside of the trial court's statutorily-given jurisdiction. *See* TEX. GOV'T CODE § 26.043(8) ("A county court does not have jurisdiction in a suit for the recovery of land."). We disagree.

To begin, this action does not involve the determination of title or the recovery of real property. Rather, Michael claimed Loneta breached the FSA and the terms of

–3–

the deed and sought summary judgment on his breach of contract claim. Section 26.043(8) is, therefore, inapplicable here. Moreover, the trial court's expanded statutory jurisdiction encompassed Michael's claims.

The trial court is one of two statutory county courts in Rockwall County. TEX. GOV'T CODE § 25.2011. The trial court's jurisdiction is prescribed by sections 25.0003 and 25.2012 of the government code. TEX. GOV'T CODE §§ 25.003, 25.2012. Section 25.0003 contains the general grant of jurisdiction and provides, in part, that statutory county courts have concurrent jurisdiction with district courts in civil cases in which the amount in controversy is between $500 and $250,000. *Id.* § 25.0003(c)(1). As a statutory county court, the trial court also has expanded statutory jurisdiction. TEX. GOV'T CODE § 25.2012. Specifically, the trial court has the same jurisdiction provided by the state constitution and general law for district courts. TEX. GOV'T CODE § 25.2012(a), 25.0003. The trial court's expanded statutory jurisdiction excludes only four types of cases, none of which apply here. TEX. GOV'T CODE § 25.2012(b). If a specific statutory provision confers jurisdiction, the specific provision controls over the general limitation of section 26.043. *Contemporary Contractors, Inc. v. Centerpoint Apt. Ltd. P/S*, No. 05-13-00614-CV, 2014 WL 3051321, at *4 (Tex. App.—Dallas July 3, 2014, no pet.) (mem. op.) (citing *Thielemann v. Kethan*, 371 S.W.3d 286, 292 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing TEX. GOV'T CODE ANN. § 25.0001(a))).

Michael's breach of contract action falls within the trial court's expanded jurisdiction. *See Chambers*, 241 S.W.3d at 684 (county court had jurisdiction to decide breach of contract case). Therefore, the trial court had jurisdiction to decide the underlying case. We overrule Loneta's sole appellate issue.

## CONCLUSION

We conclude the trial court had subject matter jurisdiction over the parties' claims. Accordingly, we affirm the trial court's judgment.

210481f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

LONETA LINDBERG, Appellant

No. 05-21-00481-CV     V.

MICHAEL LINDBERG, Appellee

On Appeal from the County Court at Law No. 1, Rockwall County, Texas Trial Court Cause No. 1-20-0808. Opinion delivered by Justice Partida-Kipness. Justices Pedersen, III and Nowell participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee MICHAEL LINDBERG recover his costs of this appeal from appellant LONETA LINDBERG.

Judgment entered this 6th day of June 2022.