**Reverse and Render and Memorandum Opinion filed April 3, 2025**



**In The**

# Fifteenth Court of Appeals

### NO. 15-24-00038-CV

**JANE NELSON IN HER OFFICIAL CAPACITY AS SECRETARY OF STATE FOR THE STATE OF TEXAS, Appellant**

**V.**

**JARRETT WOODWARD AND HEATHER COUCHMAN, Appellees**

**On Appeal from the 261st District Court**
**Travis County, Texas**
**Trial Court Cause No. D-1-GN-23-008185**

## MEMORANDUM OPINION

In November 2023, Texas voters approved an amendment to the Texas Constitution that provided for the creation of a Texas water fund, along with twelve other constitutional amendments. The day after the election, Appellees Jarrett Woodward and Heather Couchman filed an election contest asserting that the results of the election could not be ascertained because the electronic voting systems used statewide were not compliant with the requirements of the Texas Election Code,

rendering every vote case in the November 2023 election illegal.

Appellant Secretary of State Jane Nelson (Secretary) brings this interlocutory appeal to challenge the trial court's denial of her plea to the jurisdiction. We recently reversed the trial court's denial of the Secretary's plea to the jurisdiction in a related election contest, *Nelson v. Eubanks*, No. 15-24-00037-CV, 2024 WL 4886621 (Tex. App.–15th Dist. Nov. 26, 2024, pet. denied). This case asserts nearly identical facts and legal grounds for our consideration. We reverse the order denying the Secretary's plea to the jurisdiction and dismiss the case.

## BACKGROUND

Texas held a statewide election on November 7, 2023. On the ballot were fourteen proposed amendments to the Texas Constitution. Proposition 6 called for the creation of a Texas water fund to be used to finance water projects in the state. The final vote count showed that an overwhelming majority of the 2,536,708 voters who cast votes for Proposition 6 voted in favor of the amendment.

Six election contests[1] were filed the next day, asserting that that the official results could not be certified because the voting systems used statewide did not comply with the Texas Election Commission's standards for certification. Appellees caused the Travis County District Clerk to issue citation. The Secretary accepted service of process on November 17, 2023.

On December 4, 2023, the official canvass was conducted. The Governor certified the final vote tabulations and issued a proclamation that Proposition 6 was

---

[1] *See Woodward v. Nelson*, Case No. D-1-GN-23-008185, 261st Judicial District Court, Travis County (Nov. 8, 2023); *Pique v. Nelson*, Case No. D-1-GN-23-008319, 261st Judicial District Court, Travis County (Nov. 8, 2023); *Kulisch v. Nelson*, Case No. D-1-GN-23-008372, 261st Judicial District Court, Travis County (Nov. 8, 2023); *Highsmith v. Nelson*, Case No. D-1-GN-23-008369, 261st Judicial District Court, Travis County (Nov. 8, 2023); *Eubanks v. Nelson*, Case No. D-1-GN-23-008370, 261st Judicial District Court, Travis County (Nov. 8, 2023); *Dickinson v. Nelson*, Case No. D-1-GN-23-008389, 261st Judicial District Court, Travis County (Nov. 8, 2023). Each contest challenges different propositions from the November 7, 2023 ballot. The trial court granted the Secretary's motion to consolidate these contests.

incorporated into the Texas Constitution. TEX. CONST. art. XVII, § 1(c); Tex. Elec. Code § 67.013(d).

The next day, the Secretary filed a plea to the jurisdiction on multiple grounds, including that Appellees' suit had been rendered moot because the official canvass was complete; that Appellees lacked standing; and that Appellees failed to plead a viable election contest. The trial court denied the plea and this appeal followed.

## ANALYSIS
### I.

We review the trial court's denial of the Secretary's plea to the jurisdiction *de novo*. *Wheelbrator Air Pollution Control, Inc. v. City of San Antonio*, 489 S.W.3d 448, 451 (Tex. 2016). A plea to the jurisdiction may challenge the pleadings, the existence of jurisdictional facts, or both. *Alamo Heights I.S.D. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018). When a plea challenges the pleadings, we consider whether the facts pleaded by plaintiffs affirmatively demonstrate the trial court's jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). We construe the pleadings in plaintiffs' favor, take all factual assertions as true, and look to the pleaders' intent. *In re H.S.*, 550 S.W.3d 151, 155 (Tex. 2018).

### II.

The Secretary raises several jurisdictional challenges in support of the argument that the trial court erred in denying the plea to the jurisdiction. First, the Secretary asserts that Appellees' election contest is moot because they failed to effectuate service and the failure to do so deprived the trial court of jurisdiction. Next, the Secretary argues that Appellees lack standing to file this election contest because they fail to show a particularized injury or that a different, correct result would have been reached but for the allegedly illegal votes cast.

## A.

The Secretary first argues that an error in the citation is a jurisdictional defect that renders this contest moot. To contest a constitutional amendment election like Proposition 6, Appellees were required to file their petition *and* serve citation on the Secretary before the final official canvass was complete. Tex. Elec. Code § 233.014(b).

Upon Appellees' request, the Travis County District Court Clerk issued the citation. That citation, however, had an erroneous answer date: the issued citation instructed the Secretary that her answer deadline was "by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served with the citation and petition[.]" The Secretary argues that Appellees failed to strictly comply with the service requirement because the citation listed the general answer deadline rather than the specific statutory deadline provided by the Election Code.[2] According to the Secretary, because Appellees failed to "successfully commence[] an election contest that would halt declaration of the official result," Appellees' election contest is now moot because the official canvass was already held, and Proposition 6 is now already incorporated into the Texas Constitution.

We do not agree that the clerk's error in issuing a defective citation deprives the trial court of its jurisdiction to hear Appellees' election contest. We held in *Eubanks* that such a defect was not a jurisdictional defect. 2024 WL 4886621, at *3 (*citing Tex. Windstorm Ins. Ass'n v. Pruski*, 689 S.W.3d 887, 889 (Tex. 2024)). In *Eubanks*, as here, the Travis County District Clerk issued a citation with the incorrect response date. *Id.* at *3. We recognized that stating the correct deadline in a citation

---

[2] The general deadline to file an answer to civil actions in Texas is the "Monday next after the expiration of twenty days after the date of service thereof." Tex. R. Civ. P. 99(b). The statutory deadline to file an answer to a statewide election contest is slightly shorter—a contestee must answer by "10 a.m. of the 20th day after service of citation." Tex. Elec. Code § 233.007(a)(2).

was a mandatory requirement of Section 233.007, but it was not a jurisdictional one. *Id.* (reasoning that treating court employee's error as a jurisdictional bar could thwart viable election contests).

This case presents an identical procedural posture for our consideration. In their request for process, Appellees instructed the clerk to follow the procedures outlined in Texas Election Code Section 233.007(a)(2). But as in *Eubanks*, the Travis County District Clerk issued a defective citation stating the wrong response deadline. The error was harmless. Appellees filed their petition and served the Secretary before the Governor conducted the official canvass on December 4, 2023, in accordance with Section 233.014(b) of the Election Code. The Secretary was served with process and able to respond before her deadline ran. Accordingly, we hold that the citation defect does not render Appellees' election contest moot.

**B.**

Next, the Secretary challenges Appellees' standing to file this election contest. The Secretary argues that Appellees failed to allege a particularized injury. Appellees pleaded in their petition that they are voters with statutory standing pursuant to Texas Election Code Section 233.002; that "voting systems used across the state of Texas" were not properly certified because the accrediting body failed to issue an updated certificate; and that electronic voting systems were connected to the internet, in violation of the Election Code.

We agree with the Secretary and hold that Appellees have failed to establish constitutional standing to bring this election contest. Although the Election Code does allow "one or more qualified voters" to contest the election, a contestant must still show constitutional standing to be able to maintain a contest. *See* Tex. Elec. Code § 233.002; *Eubanks*, 2024 WL 4886621, at *4 ("While the legislature may confer standing by statute, it may not set a 'lower standard' than 'that set by the general doctrine of standing,' because 'courts' constitutional jurisdiction cannot be

5

enlarged by statute.'") (quoting *Fin. Comm'n of Tex. v. Norwood*, 418 S.W.3d 566, 582 n.83 (Tex. 2013)). A plaintiff's status as a voter is not enough to confer constitutional standing to challenge the lawfulness of a governmental act. *Eubanks*, 2024 WL 4886621, at *4; *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). To establish standing in an election contest, a contestant must allege a particularized injury that is distinct form a general injury shared by "all or a large class of citizens." *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 15 (Tex. 2011). That injury must be "actual or imminent, not conjectural or hypothetical." *Eubanks*, 2024 WL 4886621, at *3.

Reviewing the pleadings and taking all the pleaded allegations as true, we hold that Appellees lack standing to bring an election contest challenging Proposition 6. Appellees pleaded that because the "voting systems were connected to the internet [] and were never tested by an accredited voting system test laboratory . . . every vote counted that was cast on a voting system" was illegal. This claim—which asserts only hypothetical injury—applies to all voters who cast ballots in the November 2023 election rather than just Appellees. This hypothetical and generalized injury does not confer standing to bring this election contest. *Id.* at *3–4. Accordingly, the trial court erred by denying the Secretary's plea to the jurisdiction. Because the jurisdictional defect cannot be cured by pleading amendment, we dismiss the case. *See Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 837 (Tex. 2007) (concluding that when plaintiff's pleadings cannot be cured of jurisdictional defect, plaintiff is not entitled to opportunity to amend pleadings).

## C.

"[T]o allege a viable claim under the Election Code, the Voters had to allege facts that could support a claim that the true outcome would have been different if their claims were valid." *Eubanks*, 2024 WL 4886621, at *5 (citing Tex. Elec. Code § 221.003). As in *Eubanks*, Appellees assert that the true result of the election cannot

6

be ascertained, but they do not explain why that is so. *Id.* They have not sufficiently alleged that this contest would alter the outcome of the election.

## CONCLUSION

Because Appellees lack standing and have not pleaded valid election contests, we conclude that the trial court lacked jurisdiction. We reverse the district court's order denying the Secretary's plea to the jurisdiction and dismiss the claims for lack of jurisdiction.

/s/  April Farris
April L. Farris
Justice